CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained when the automobile he was driving was struck from the rear by a vehicle driven by the defendant Griffin. The trial judge held defendants liable and awarded plaintiff $17,000 for “pain, suffering, loss of wages, medical expenses, and disability, past, present and future.” Only the plaintiff appealed, seeking an increase in the award.
Although the trial judge did not give reasons, plaintiff argues the award of $17,000, which includes approximately *161 $3,000 in past medical expenses, indicates the trial judge rejected plaintiff’s contention that his prior non-disabling coronary arteriosclerosis was aggravated by a coronary contusion sustained in the accident. Plaintiff says this is manifest error and an abuse of discretion.
Defendants contend the trial judge obviously chose to accept the expert medical testimony of the cardiac specialist, Dr. Du-cote, that any coronary contusion sustained could not have aggravated the prior existing coronary arteriosclerosis.
The evidence shows that at the time of the accident on August 22, 1975, plaintiff was 56 years of age and was the owner-president of a tombstone business. In November of 1974, plaintiff had chest pains for which he consulted his family physician, Dr. Louis G. Weinstein, a general practitioner. At that time, Dr. Weinstein referred plaintiff to a heart specialist, Dr. Jacobs, and they diagnosed “hypertensive cardiovascular disease” and prescribed reduced activity and a form of nitroglycerin tablets to alleviate the chest pain.
On August 23, 1975, the day after the accident, plaintiff was seen by Dr. Wein-stein, who diagnosed injuries consisting of a contusion of the heart, a whiplash of the neck, and general bruises and contusions. Dr. Weinstein continued to see and treat plaintiff, but he did not order an EKG, nor did he again refer plaintiff to a heart specialist. Nevertheless, it was Dr. Wein-stein’s opinion that plaintiff received a cardiac contusion in the accident, and that this injury aggravated the prior coronary arteriosclerosis.
Dr. Lester L. Ducote, Jr., a cardiac specialist, examined the plaintiff on November 9,1976 at the request of defendants. However, Dr. Ducote was called as a witness for the plaintiff. This physician testified that, based on the history, his examination of November 9, 1976, a subsequent stress test, and an EKG, it was his opinion that any coronary contusion sustained in the accident could not have aggravated the prior coronary arteriosclerosis. On direct examination, Dr. Ducote stated:
“Cardiac contusions do not produce coronary disease. I think that the man had coronary disease which was responsible for his symptoms. I see no way in the world that you or anyone else can say that the cardiac contusion is responsible for his problem of angina, pain on the treadmill, or the EKG changes.”
As to the lay testimony, plaintiff testified that prior to the accident he was able to perform strenuous physical labor in his tombstone business, and that he led an active life, whereas, after the accident, he had to avoid strenuous physical activity. Mr. Anthony Bourda, plaintiff’s former employee, corroborated this. Also, plaintiff’s son, Gregory Angelle, testified to the same effect.
Defendants point to discrepancies in plaintiff’s testimony which probably were noted by the trial judge. In his testimony at the trial, plaintiff denied taking any of the nitroglycerin tablets which had been prescribed for chest pain in November of 1974. However, Dr. Ducote testified that in the history given to him by plaintiff in 1976, Angelle admitted taking “nitro-bid” capsules twice daily.
Additionally, during plaintiff’s testimony seeking to justify the need for additional employees to do his work after the accident, plaintiff first stated that he had to hire additional employees. However, under cross-examination he admitted that before the accident he had four employees and after the accident he still had four employees.
After carefully considering all of the expert medical and lay testimony, we do not find that the trial judge was manifestly in error or clearly wrong in his apparent finding of fact that plaintiff’s prior heart disease was not aggravated by the accident. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). As to the quantum of the award, we find no abuse of the “much discretion” rule enunciated in Coco v. Winston Industries, 341 So.2d 332 (La.1976).
For the reasons assigned, the judgment appealed is affirmed. All costs of this ap *162 peal are assessed against the plaintiff-appellant.
AFFIRMED.