GREENE, Judge.
Plaintiff filed suit seeking recovery of $2,087.00 paid to occupants of its insured’s vehicle (hereinafter referred to as the Vince vehicle). The accident giving rise to this litigation occurred in the parking lot of the Bon Marché Shopping Center in Baton *45 Route. Defendants answered, denying liability and filed a third party petition against Leonard B. Edelman and Theodore G. Solomon d/b/a Bon Marché, Inc. The trial court gave judgment in favor of plaintiff against defendant driver, finding both Bon Marché and the driver of the Vince vehicle free from fault. From that judgment, defendant driver has appealed.
Appellant contends that the trial court erred in finding the defendant driver guilty of negligence which was a proximate cause of this accident and in failing to find negligence on the part of the driver of the Vince vehicle.
The record establishes that Loretta Vince, accompanied by her mother, sister and another individual, was driving plaintiff’s insured’s vehicle in an easterly direction in a driving lane through a parking area in the Bon Marché Shopping Center when her car was struck on the left side by a car driven by Leonard Bowman. Bowman was driving in a southerly direction and was exiting from one of the parking lanes when his car struck the Vince vehicle.
This parking lot has tiers of parking spaces separated by parking lanes running in a north-south direction. The parking lanes provide access to the parking stalls. Defendant’s vehicle had been traveling in one of these parking lanes right before impact. Located at the south end of these parking lanes is an east-west driving lane which provides access to this parking lot from a public street. The Vince vehicle was traveling on this driving lane when the accident occurred. A “T” intersection is created as each parking lane intersects with the traffic lane.
Both cars were moving at a relatively slow pace before the collision. Mrs. Vince did not see the Bowman vehicle in time to avoid the collision. Appellant, unfamiliar with this parking lot, acknowledge that he was looking for a parking space and never did see the Vince vehicle prior to impact.
The trial court found Bowman to be derelict in keeping a look-out, particularly in view of the fact that he was entering a “T” intersection and could not proceed straight through. The trial court further found that the Vince vehicle was proceeding on what was considered to be a main thoroughfare through the parking lot and was free from fault.
The factual determinations made by the trial court are entitled to great weight and are not to be disturbed in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). This Court finds there to be sufficient evidence in the record to furnish a reasonable factual basis for the trial court’s findings concerning the negligence of Leonard Bowman and the lack of negligence of Loretta Vince.
Appellant further alleges that the trial court erred in not finding Bon Marché negligent in the traffic control design of its parking lot. In connection with this specification of error, appellant also alleges that the trial court should have allowed the introduction into evidence of a written report from the Baton Rouge City Traffic Engineer to Bon Marché Corporation together with an attendant cover letter from the Director of Public Works dated March 19, 1973. Although the trial court sustained an objection to the introduction of this evidence, the pertinent content of this exhibit was introduced into evidence without objection through the testimony of Robert Can-field, the Baton Rouge City Traffic Engineer. Since the pertinent content of this exhibit is in evidence without objection, it is of no consequence that the exhibit is not in evidence.
Appellant contends that Bon Marché was negligent in failing to install traffic control devices such as stop signs at the intersections of the parking lanes and the driving lane. The Baton Rouge City Traffic Engineer worked with the developers of Bon Marché in planning this parking lot. Although he recommended that traffic control devices be used where these parking lanes intersected with the driving lane, he did not require that these devices be installed before giving final approval to the project. He was of the opinion that it was not absolutely necessary for stop signs to be *46 erected where these parking lanes intersected with the traffic lane. Since no traffic control devices were required by this traffic engineer, the lack of such controls was not in violation of any parish or city ordinance.
Appellant claims that even if the City of Baton Rouge did not properly enforce its ordinances upon Bon Marché concerning the erection of these traffic control devices, Bon Marché still had a duty not to cause an unreasonable risk of injury to the public using these parking facilities. Although we agree that Bon Marché had such a duty, we find the record adequately supports the trial court in finding that lack of such traffic controls was not a factor in the cause of the accident since Bowman was so obviously inattentive in his driving that traffic controls would have made no difference. Therefore, we do not find that the trial court committed manifest error in its factual determination that Bon Marché was not negligent.
The judgment of the trial court is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.