GARRISON, Judge.
This is an appeal from a summary judgment of the district court, dismissing the plaintiffs’ action for damages for embarrassment and humiliation, resulting from the seizure of their property by defendants. From that judgment, which we affirm, plaintiffs appeal.
On appeal, plaintiffs argue that the summary judgment was improperly granted because of the existence of two questions of material fact, to wit:
1. The property was seized in derogation of a permanent injunction.
2. Executory process was unavailable because there existed a variance between the terms of the note — “10% per annum from maturity” — and the terms of the mortgage — “10% per an-num from date.”
In response thereto, defendants argued that it was not a permanent injunction, but rather a temporary restraining order, and that the T.R.O. restrained only the sale of the property. This is a correct recitation of the evidence contained in the record. The sale was stopped and plaintiffs made full payment of the debt, thus stopping the seizure process. It is apparent from the record that plaintiffs did in fact owe the debt and had missed payments prior to the commencement of the executory proceedings.
Turning to the second issue, we note that defendants introduced the deposition of Henry O’Connor, the attorney-notary who had prepared both the mortgage and the note. O’Connor testified that the “variance” was not a variance as such but rather was a typographical error. While we hesitate to say that the substitution of a totally different word, as opposed to a misspelling, is a typographical error, this court need not make such a pronouncement. Apparently, the trial judge concluded that it was a typographical error based upon a credibility call in favor of O’Connor. The trial judge believed O’Connor’s testimony that the variance was a typing error. In instances such as this, the appellate court is bound by the rules of Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accordingly, we cannot say that the trial judge was manifestly erroneous in this case. We further note that under R.S. 13:4104, the existence of a typographical error does not affect the validity of executory process.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.