BOUTALL, Judge.
This is a suit by an arrested person against a police officer for damages arising out of personal injury caused during his arrest. The trial court found that excessive force was used by the officer and awarded damages of $10,500.00. The defendants appealed and the plaintiff answered the appeal asking for an increase in damages.
Charles J. Kramer was arrested for reckless operation of a motor vehicle and driving while intoxicated in the early morning of November 6, 1977. He contends that Deputy Sheriff Charles Donovan beat him with a night stick without any justification and sues Deputy Donovan and his employer Alwynn Cronvich, Sheriff of the Parish of Jefferson. Kramer contends that after he was taken from his automobile, Deputy Donovan placed a night stick across his throat and pushed him against the side of his automobile to make a search. Kramer tried to remove the night stick because he could not breathe, and was struck repeatedly by the deputy with the night stick and knocked to the ground. Later he was taken to the Jefferson Parish East Bank Lockup where more events took place, but plaintiff had a faulty memory of those events.
In defense, the defendants contend that there was no beating at the scene of the arrest, but that the injuries plaintiff complains of took place in a section of the East Bank Lockup where preparations were being made to do the paperwork preparatory to an intoximeter test. Deputy Donovan contends that when he took the handcuffs off of the plaintiff, the plaintiff suddenly became violent, grabbed the deputy and struck him and a struggle ensued. The injuries were as a result of the struggle caused by plaintiff’s aggression.
The trial judge gave detailed reasons for judgment, and in those reasons he discussed the evidence presented, noting that there are many conflicts in the testimony. He resolved this problem as follows:
“Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact are left to the discretion of the trier of fact. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Dr. Clark testified that the plaintiff’s injuries would not have resulted from hitting the table and falling to the floor. Further, this Court feels that Dr. Clark’s testimony concerning the injuries more *206 closely corroborates the testimony of the plaintiff.
Under all of the circumstances, this Court believes that excessive force was used by the defendant, Sgt. Donovan, against the plaintiff, during the arrest on November 6, 1977.”
Our examination of the evidence discloses that there are indeed a number of conflicts. The testimony conflicts as to the location where the injuries were inflicted, the weapons or objects that caused the injuries, and whether plaintiff was the aggressor. A reasonable trier of fact could reach a decision in support of either party, dependent upon which testimony he believed to be credible. As quoted above, the trial judge concluded that plaintiff’s injuries could not have occurred in the fashion that the defendant testified to, but the injuries were consistent with those that would be inflicted by a club or night stick. We note that regardless of where the beating took place, the plaintiff testified that he was beaten with a night stick and the defendant testified that he was struck only with fists, and that falling against various articles of furniture caused the major injuries. We agree with the trial judge that the testimony of Dr. Norman Clark of Ochsner Hospital, who examined plaintiff just after the events took place, is to the effect that the injuries were consistent with those that would be inflicted by a club. Accordingly, we must affirm the trial court’s decision.
The standards of appellate review of facts are delineated by the Supreme Court in the case of Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In explanation of the principles of appellate review stated in Canter v. Koehring, supra, relied on by the trial judge, the Supreme Court stated that an appellate court should not disturb a finding of fact unless it is clearly wrong. Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding of the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous). In applying that principle to this case, although one could reasonably reach an opposite result, we cannot say that the decision of the trial judge is clearly wrong.
In our consideration of the evidence presented, we also note the objection taken by the defendant to the trial judge’s refusal to permit evidence of the plaintiff’s conviction on a criminal charge of simple battery against the police officer. The defendant offered the proof of conviction under the provisions of L.R.S. 13:3739 which we quote:
“A person claiming damages for injury to person or property, or for wrongful death, in a civil action may introduce evidence that a party alleged to have caused the damages was convicted, either after a trial or upon a plea of guilty, but not upon a plea of nolo contendere, of a crime punishable by death or imprisonment and arising out of the factual circumstances in which the party is alleged to have caused the damages.
Proof of the conviction in the civil action shall create a rebuttable presumption that the party in fact committed those acts essential to the commission of the crime. A judgment of conviction shall not be admissible during the pendency of an appeal to a Louisiana appellate court.”
The trial judge refused to permit the evidence to be introduced pointing out that the defendant, who sought to introduce the conviction, was not “a person claiming damages” but that the plaintiff was such a person. We agree that the statute may be availed of only by the person claiming damages, and the evidence was properly excluded.
The only other issue before us is the amount of damages which are complained of as excessive by the appellant and complained of as insufficient by the appellee in his answer to the appeal, Louisiana Civil Code Article 1934(3) provides that much discretion must be left to the judge in the assessment of damages in cases of offenses, and we see no reason to disturb his discretion in this case.
*207 For the reasons assigned the judgment is affirmed.
AFFIRMED.