422 So.2d 241 (1982)
Leslie C. LESCALE
v.
The LOUISIANA COCA-COLA BOTTLING COMPANY LIMITED and North River Insurance Company.
No. 13224.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
*242 Warren G. DeAgano, Jr., New Orleans, for plaintiff-appellee.
Reuter & Reuter, Arthur C. Reuter, Jr., New Orleans, for defendant-appellant.
Before KLEES, BYRNES and WARD, JJ.
BYRNES, Judge.
This is an appeal from a trial court judgment awarding appellee Lescale $27, 500.00 for a cut sustained by her while opening a can of "Tab". Appellant, Louisiana Coca Cola Bottling Co. Limited (Coca Cola) appeals the trial judge's ruling alleging three specifications of error. We find no merit to any of these specifications and affirm the lower court ruling.
The first specification of error urged by appellant maintains that the trial judge erred in determining that plaintiff cut her thumb as she opened the can of Tab. Appellee testified that she had the can on her kitchen table and was in the act of opening it when the top flew up and cut her finger. A careful reading of the record leads us to the same conclusion reached by the trial judge, that the plaintiff did indeed cut her thumb while opening the can. We are bound to affirm the trial judge's findings of fact absent any manifest error. See Arceneaux v. Dominque, 365 So.2d 1330 (1979).
Coca Cola argues in their second specification of error that the trial judge erred in his application of res ipsa loquitur. The appellant argues that even if the pull top did explode off the can that this is not in and of itself sufficient to envoke res ipsa loquitur where the product in question was not within the exclusive care, custody and control of the appellant. Appellant cites as authority Hudgens v. Interstate Battery Systems, 393 So.2d 940 (La.App. 3rd Cir. 1981) in support of its contention. Hudgens is clearly inapplicable to the facts at hand. In Hudgens a battery exploded when, contrary to instructions on the battery, Hudgens lit a match next to it in order to check for a loose terminal. Additionally the battery was missing a few of its caps which allowed explosive gases to escape. The court rightfully found that the plaintiff's negligence precluded the application of res ipsa loquitur against the battery manufacturer.
Exploding soft drink cases have been uniformally treated by the courts of Louisiana. Without exception, the various courts of this State have held that when it is shown that there was no misuse of the product by plaintiff, or any contributing cause of the accident attributable to him, the fact that the container was not in the control of the defendant will not bar recovery on a theory of res ipsa loquitur. See Centineo v. Anheuser-Busch Inc., 276 So.2d 352 (La.App. 4th Cir.1973); Dykes v. Northriver Insurance Co., 270 So.2d 329 (La.App. 1st Cir. 1973); Johnson v. Louisiana Coca Cola Bottling Co., 63 So.2d 459 (La.Orl.App.1953).
The facts of this case indicated that there were no contributing factors of the accident attributable to appellee. The eight pack of "Tab" purchased by appellee was on the floor of the kitchen next to the refrigerator. She had already opened two or three of the cans earlier without incident. There was no indication that the soft drink cans were placed too close to a heat source nor was there any indication that the cans were mishandled in any way by plaintiff from *243 the time they were purchased until the time of the accident. There was no indication that the cans were not in substantially the same condition they were in at the time of purchase. The record indicates that there is no evidence of any conduct on the part of the plaintiff which would preclude the application of the doctrine of res ipsa loquitur in light of the above quoted jurisprudence. The trial judge was correct in his determination of the liability of Coca Cola.
The third specification of error urged by appellant concerns the excessiveness of damages awarded to plaintiff. We note that the circumstances of this case compels us to affirm what we might otherwise consider an excessive award. Plaintiff has a fifteen per cent permanent partial disability to her right hand as a result of her injury. This disability consists of diminished nerve sensation of the thumb, due in particular to a loss of the third dimensional touch sensation. In affirming the award made by the trial judge, we note that the plaintiff's occupation is that of a registered nurse. The diminished feeling as a result of the accident greatly hampers her in her occupation. The combination of her occupation together with the type of injury sustained leads us to conclude that the award is not outside the realm of reasonableness allowed the trial judge. See Reck v. Stephens, 373 So.2d 498 (La.1979).
For the above reasons, the trial court judgment is affirmed and all cost of this appeal are to be assessed to appellant.
AFFIRMED.