PER CURIAM.
Plaintiff, Charles Smith, brought this action seeking recovery for injuries allegedly sustained during his arrest by the New Orleans Police Department. The trial court rendered judgment for the defendants and it is from this judgment that plaintiff appeals.
The record reveals that on January 10, 1976 plaintiff was arrested by two New Orleans Police Officers. The arrest stemmed from an incident on the sidewalk in front of the Club Sorrento.
Plaintiff claims damages from an alleged police beating during his arrest and for the failure of defendants to provide him with adequate medication and medical attention at Central Lock-up.
The dispositive issue presented by this appeal is whether there was manifest error in the trial court’s conclusion that plaintiff failed to prove his case by a preponderance of the evidence. Mr. Ballansaw and Mr. Leary, both of whom witnessed the arrest and testified at trial, stated they saw no unusual physical reaction on the part of the plaintiff/appellant to his treatment by the police when arrested. Their description of the events in question seem to bear out defendants contention that they used only reasonable force in plaintiff’s arrest. On the other hand the testimony of plaintiff and to a lesser extent, his sister, Joann Metoyer contradicts the testimony of the defense witnesses.
This court is mandated to leave factual findings to the trier of fact undisturbed where the evidence furnishes a reasonable basis for those findings, unless there is manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973). We are not to rely on only so much of the record as is necessary to substantiate an affirmance, but must carefully review same to determine there is no manifest error. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We have made such review of the record before us, and conclude that there is *345 no manifest error in the judgment appealed from.
Plaintiff also alleges in his brief a wide ranging conspiracy against him, which includes his own father, as well as the judge of the trial court, plaintiffs own witnesses and attorney. Plaintiff contends that this conspiracy tainted the proceedings below so as to deny him a fair and equitable trial. These charges are unsupported by any evidence whatsoever and are rejected by this court as without merit.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.