365 So.2d 1330 (1978)
James S. ARCENEAUX
v.
Drew DOMINGUE, Jimmy Bearb and Allstate Insurance Company.
No. 62446.
Supreme Court of Louisiana.
December 15, 1978.
Rehearing Denied January 26, 1979.
*1332 L. Lane Roy, Davidson, Meaux, Sonnier & Roy, Lafayette, for defendant-respondent.
Raleigh Newman, Lake Charles, for plaintiff-applicant.
DIXON, Justice.
This damage suit arose when plaintiff's car was struck from the rear by a car owned by Jimmy Bearb and driven by Drew Domingue. There was a jury verdict for the defendants, which was affirmed by the Court of Appeal in an unpublished opinion. We granted writs (359 So.2d 1303 (La. 1978)), and reverse.
Arceneaux, on November 22, 1975, pulled up to stop behind a line of traffic, heard the squeal of tires, as if brakes were being applied, and was struck from the rear by Domingue. The impact drove his car into the vehicle ahead of him. Domingue admitted fault to Arceneaux, but told the police investigator that his brakes had failed, the pedal going to the floor when he tried to use them. The police found nothing wrong with the brakes, could not push the pedal to the floor, and found that they operated properly. Domingue's passenger, a Mr. Forestier, was not called to testify for Domingue, although he had offered on the day before trial.
The police charged Domingue with a traffic violation, but, when defendants objected, plaintiff was not permitted to adduce evidence that Domingue had pleaded guilty.
No effort was made to repair the brakes after the Arceneaux accident. Several days later Bearb had an accident in the same car, testifying that, while trying to park the car, "I was going approximately five miles an hour, and my brakes gave out and I bumped the back of a Volkswagen." Bearb then parked his car until he could have his brakes fixed.
Defendants' expert witness (the only one to testify; plaintiff claims his expert was not in court when defendants closed, and the judge denied a brief recess to obtain him. The record before us is silent) testified that "anything can happen to an automobile," and that sudden brake failure is attributable to a failure of a plunger device in the master cylinder or a loss of brake fluid. Defendants' expert was the one who had repaired Bearb's car, but did not remember what had been done. However, a repair ticket or invoice made at the time of the repair showed that nothing had been done to either master. There were three charges: a brake light switch was replaced; a brake cylinder on a wheel was repaired; some brake fluid was placed in the system.
The brake expert testified that Bearb's car had two master cylindersone for the front and one for the rear brakes. If one master cylinder failed, the car would still have brakes on the other wheels. There was no evidence of a sudden loss of brake fluid, such as might have been caused by a ruptured hydraulic line.
There is nothing in the record to support the "latent defect" defense except the testimony of Domingue that the brake pedal suddenly and without forewarning went to the floor when he tried to stop, and the testimony of Bearb noted above.
The Court of Appeal assumed that the jury verdict for defendants "was predicated upon the existence of a latent defect in the defendant vehicle." Then the Court of Appeal purported to apply the rationale of Canter v. Koehring Co., 283 So.2d 716 (La. 1973), and found that, considering the testimony *1333 of Bearb, Domingue and the brake expert, there was "no manifest error or abuse of discretion by the jury."
Standard of Appellate Review of Facts
There seems to be widespread misunderstanding of the holding of Canter v. Koehring Co., supra, concerning the appellate review of facts in Louisiana. It was never our intention to hold that a factual determination of the district court is to be sustained by the Court of Appeal if there is some reasonable evidence to support the finding of the judge or jury. That is the standard for review in criminal cases in this state, where the appellate court does not have the jurisdiction to review facts on the question of guilt or innocence, and it is the standard of review in many common law jurisdictions, where the appeal can be taken on questions of law alone. Robertson, Appellate Review of Facts, 21 La.L.Rev. 402 (1961). In Louisiana courts of appeal have full and complete jurisdiction to review facts.
The Constitution of 1974 provides in Article 5, § 10(B):
"(B) Scope of Review. Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts."
As an aid to the exercise of the appellate function of review of facts in civil cases, we attempted to explain, in Canter v. Koehring, supra, without great detail, the appropriate standard. We said that "even though the appellate court may feel that its own evaluations and inferences are as reasonable," it should not disturb reasonable findings of the trial court when there is conflict in the testimony. We prefaced this observation: "When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error." 283 So.2d 716, 724. (Emphasis added).
We did not foresee that this explanation would be misunderstood to mean that: "There is no manifest error when the evidence before the trier of fact furnishes a reasonable basis for its finding." We said the appellate court should not disturb this factual finding in the absence of manifest error. The difference is important. "Manifestly erroneous," in its simplest terms, means "clearly wrong." We said, then, that the appellate court should not disturb such a finding of fact unless it is clearly wrong. Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).
Here the jury, if indeed it did predicate its verdict on the existence of a latent defect, was clearly wrong. Not only was the testimony of Domingue and Bearb not supported by other evidence in the record, it was contradicted by all the other evidence on the point. Arceneaux heard the squeal of brakes being applied; the police found the brakes working perfectly; the passenger, available to the defendants, was not produced; plaintiff was prevented from asking Domingue whether he pleaded guilty to a charge of negligent operation of the vehicle; the brake repair revealed nothing indicative of sudden, unexpected failure, or of a latent defect; except for a statement that "anything can happen to an automobile," defendants' expert did not" support the claim of latent defect.
If the Court of Appeal had applied the proper standard for the review of facts on appeal, it would have concluded that, in spite of the presence of some evidence in the record which, if believed, would have supported the jury verdict, the verdict was clearly wrong (manifestly erroneous).[1]
*1334 A lower standard of review in this state would be destructive of the right to appeal in civil cases. This court seldom has occasion to note the practice, but writs are almost never granted by this court on a contention by the applicant that the Court of Appeal was mistaken in its finding of fact. The record is not before us when we receive an application for writs, and there is never enough time for us to determine facts from a record, at any rate. This court necessarily relies on the factual findings of the Court of Appeal, in most cases, in deciding whether or not to review a judgment of the Court of Appeal. If the Court of Appeal should decide, on an appeal of right from the district court, only that there is some evidence to support the judgment, without determining whether the district court judgment is clearly wrong considering all the evidence, the Louisiana system of review breaks down. The losing litigant may never obtain actual review of the district court judgment, if the issue is factual.

Jury Instructions
Ordinarily, having examined the record and having found the defense of latent defect to be unsupported, the matter would be ended. Here, however, the trier of fact was a jury. The plaintiff complained of the instructions to the jury, and of the denial of his requested instructions, but the Court of Appeal found no error. Because these issues were erroneously decided by the Court of Appeal, it is necessary to discuss them to prevent a repetition of errors in other appeals of jury cases.[2]
The jury was charged that the burden of proof was on the plaintiff to establish by a preponderance of the evidence that the defendants were negligent and that if the plaintiff failed to establish negligence, the defendants could not be held liable. The jury was further instructed that the defendants alleged the proximate cause of the accident to be a failure in the braking system. The trial judge then charged that if the jury found a "latent or unknown defect in the braking system" to be the proximate cause of the accident, and found that the defendants "exercised reasonable care in having the automobile inspected and had no reasonable prior notice of the defective condition," and were not otherwise at fault, the jury was to return a verdict in favor of the defendants.
The trial judge did not, as requested by the plaintiff, instruct the jury that the burden of proof was upon the defendant when the defense in a case such as this one is latent defect in the braking system. Not since Cartwright v. Firemen's Insurance Co. of Newark, New Jersey, 254 La. 330, 223 So.2d 822 (1969), has this court had occasion to examine the "latent defect" defense in rear end collision cases. In the Cartwright case there was proof of a broken hydraulic line just before the accident, which allowed the brake fluid to escape, and satisfactory evidence of adequate maintenance and repair to justify a belief on the part of the owner that the brakes would not suddenly fail. This court affirmed the Court of Appeal's finding that the district court judgment for the defendant was correct. The Court of Appeal opinion stated that "[H]owever, for latent defects to constitute a valid defense, the proof must be exceptionally strong so as to satisfy certain jurisprudential requirements." Cartwright v. Firemen's Insurance Co. of Newark, New Jersey, 213 So.2d 154, 155 (La.App.1968).
Following the Cartwright decision, the Court of Appeal for the Third Circuit in 1971 stated:
"In order for latent defects to constitute a valid defense, the proof must be strong *1335 enough to exclude any other reasonable hypothesis as to the cause of the accident except that it resulted from the alleged defects. Cartwright v. Firemen's Insurance Company of Newark, New Jersey, 213 So.2d 154 (La.App. 3rd Cir., 1968), affirmed at 254 La. 330, 223 So.2d 822 (1969); Towner v. Milligan, 234 So.2d 500 (La.App. 3rd Cir., 1970); Delahoussaye v. State Farm Mutual Automobile Insurance Co., 202 So.2d 287 (La.App. 4th Cir., 1967)." Keck v. Yocum, 250 So.2d 468, 469 (La.App.1971).
R.S. 32:341 requires that "every motor vehicle, other than a motorcycle or motor-driven cycle, when operated upon a highway of this state, shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which shall be effective to apply the brakes to at least two wheels." This statute imposes a strong duty on every motorist who operates a motor vehicle to do so only with adequate brakes. The normal burden of proof in a personal injury case is upon the plaintiff. However, in exceptional cases when a plaintiff-motorist is without fault (such as when he is in his own lane and is struck head-on by an oncoming motorist, as in Simon v. Ford Motor Co., 282 So.2d 126 (La.1973)), "the driver is required to exculpate himself of any fault, however slight, contributing to the accident." Simon v. Ford Motor Co., 282 So.2d 126, 133.
Simon v. Ford Motor Co., supra, followed the rationale of Rizley v. Cutrer, 232 La. 655, 95 So.2d 139 (1957), which was based on a presumption of negligence arising when one left his own traffic lane and struck another. The burden of proof on such a motorist was to show that he was not guilty of any dereliction, however slight. This burden of proof was imposed in Rizley v. Cutrer because "it seems only reasonable . . . that a motorist owes. . . the duty of remaining in his own lane . . ." 232 La. 655, 663, 95 So.2d 139, 142. It might also be said in this case that it seems only reasonable that a motorist should not run into an automobile ahead of him, when the driver of that automobile is without fault. It is more appropriate, however, to resort to the standards established in the Civil Code. Civil Code article 2317 states in part:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.. . ."
In Loescher v. Parr, 324 So.2d 441 (La.1975), we examined the principle of fault in Louisiana covered by Civil Code articles 2315-2322. There is was found that delictual responsibility did not necessarily depend upon negligent acts, but upon fault, and that the owner or custodian of an instrumentality which causes unreasonable risk of injury to others is at fault. Turner v. Bucher, 308 So.2d 270 (La.1975); Holland v. Buckley, 305 So.2d 113 (La.1974). Once the injured person proves damages from an unreasonable risk of harm to others of the offending instrumentality, "the owner or guardian responsible for the person or thing can escape liability only if he shows the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force." Loescher v. Parr, 324 So.2d 441, 447.
Therefore, the plaintiff, Arceneaux, who was without fault in the accident, satisfied the requirements of C.C. 2317 by proving that his damages were caused when he was struck from the rear by defendants' automobile. Defendants were the custodians of the automobile, and were therefore responsible for the damages it caused. The burden of proof shifted to defendants, who might have escaped liability only by proving that "the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force." Loescher v. Parr, supra. In a genuine case of brake failure, the owner, charged with the responsibility of maintenance, should not escape liability merely because another person was driving the car. However, the record is convincing that the accident in question was caused by Domingue's *1336 negligence and not by any mechanical failure. Bearb, therefore, has sustained his burden of proving that the harm was caused by the fault of a third person.
The Court of Appeal erred when it approved the jury charges.

Other Errors
Plaintiff also complains that the jury instructions placed a heavier burden on him to prove his damages than is required by the law. The charge complained of seems to conclude that the plaintiff must prove to a reasonable certainty that each item of damages was sustained from and caused by the accident. The charge was probably intended as an explanation that only actual damages, and not punitive damages, are recoverable in Louisiana. However, the jury was instructed that plaintiff could not recover "if he only shows that it is possible or even probable that the item of damage exists, or would exist, or that it is possible or even probable that the item of damage was caused by the accident in question." See Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971). The charge as given was not correct.
The trial court also erred in prohibiting the plaintiff from testifying as to his earnings before the accident. The evidence, however, is included in the record in an offer of proof, and will be before the Court of Appeal on remand. The trial court also refused to inform the jury about the contents of a stipulation which plaintiff's and defendants' counsel made concerning the liability policy and its limits. In a jury trial, the jury is entitled to know all the evidence. We know of no statute or jurisprudence which, in the absence of agreement of the litigants, would permit admissible evidence to be withheld from the jury.
Plaintiff also complains because the trial judge would not permit him to question the defendant to determine if he had pleaded guilty to a traffic charge involving the negligent operation of an automobile as a result of striking Arceneaux's car. The trial judge erred. A plea of guilty is an admission against interests by the driver, and is admissible as relevant evidence to show fault. Moore v. Skidmore, 301 So.2d 428 (La.App.1974); Davis v. Bankston, 192 So.2d 614 (La.App.1966); The Work of the Louisiana Appellate Courts for the 1966-1967 TermEvidence, 28 La.L. Rev. 312, 436 (1968); see also, Louisiana State Bar Association v. Funderburk, 284 So.2d 564 (La.1973).
For these reasons, the judgment of the Court of Appeal is affirmed insofar as it exonerates Jimmy Bearb, and is reversed otherwise; there is now judgment in favor of James S. Arceneaux, plaintiff, and against Drew Domingue and Allstate Insurance Company, defendants; the case is remanded to the Court of Appeal to fix the amount of damages, all at the cost of Drew Domingue and Allstate Insurance Company.
SANDERS, C. J., concurs in the decree.
SUMMERS, J., concurs.
MARCUS, J., concurs, and assigns reasons.
DENNIS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
I agree with this opinion except that part dealing with fault based on La. Civil Code art. 2317, as interpreted in Loescher v. Parr, 324 So.2d 441 (La.1975). See my dissent in Loescher v. Parr, supra. Accordingly, I respectfully concur.
DENNIS, Justice, concurring in part.
Although I join in the opinion of the court in all other respects, I do not agree fully with the Court's application of Loescher v. Parr, 324 So.2d 441 (La.1976) and Article 2317 of the Civil Code.
Loescher v. Parr imposed strict liability on the owner of an apparently healthy, but 90% rotten, magnolia tree which fell onto a neighbor's Cadillac. In Loescher, this Court outlined the requisites for the application of Article 2317 strict liability as follows:
"In the present case, the plaintiff neighbor has proved (a) that the thing *1337 (tree) which caused the damage was in the care (custody) of the defendant owner, (b) the defect or vice of the tree, and (c) that his damage occurred through this defect or vice. The owner-guardian of the defective tree is therefore liable for his legal fault in maintaining the defective tree and in preventing its vice from causing injury, unless he prove that the damage was caused by the fault of the victim, by the fault of a third person, or by an irresistible force." Id. p. 449.
Loescher limited the concept of "things" which would form the basis of Article 2317 strict liability to defective things which "create an unreasonable risk of harm to others." See, Note, 37 La.L.Rev. 234, 239-240 (1976).
Accordingly, an individual is liable for his legal fault in maintaining a defective vehicle which creates an unreasonable risk of harm to others, such as an automobile with defective brakes, which causes injury unless he proves that the damage was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Consequently, an individual who lends his properly maintained automobile to a friend who negligently injures another is not liable either because the injury was caused by a "third person" or because it did not result from a vice or defect in the vehicle. However, if the cause of the injury was due to a defect or vice in the automobile, the owner, who has custody or care of the vehicle even while it is in his friend's possession, is liable unless he proves that the damage was caused by the victim's fault, by a third person's fault, or by an irresistible force.
Insofar as the language of the Court's opinion seems to depart from these principles, I disagree with the verbiage. Otherwise, I agree with the result and the reasons stated in the opinion of the Court.
NOTES
[1] There must be a clear and careful distinction between the standard of review of facts on appeal, here discussed, and the "much discretion" granted the trier of fact in fixing damages, established by C.C. 1934(3). For the proper application of the "much discretion" rule, see Coco v. Winston Industries, 341 So.2d 332 (La. 1976); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
[2] This case will be remanded to the Court of Appeal for decision, and not to the trial court for another jury trial with a properly instructed jury. Gonzales v. Xerox Corp., 320 So.2d 163 (La. 1975). The author of this opinion dissented in Gonzales v. Xerox Corp., but is unable to distinguish it from the case before us. There is sufficient evidence in the record for the Court of Appeal to decide the case.