LABORDE, Judge.
This appeal arises from a judgment in a tort action awarding plaintiff, William Thomas Waller (“Waller”) $15,000 for general damages, $18,000 for lost wages and $711 for medical expenses against defend *1118 ants Duane B. Revoir (“Revoir”), Turren-tine Company, Inc. (“Turrentine”) and American National Fire Insurance Company (“American”) and defendant Willie L. Harris (“Harris”), Elvin Graham (“Graham”) and Employers Mutual Liability Insurance Company of Wisconsin (“Employers”). The trial court’s factual determinations as to liability and the damages awarded to plaintiff are the issues on appeal. We reverse that portion of the judgment awarding Waller $18,000 for lost wages. In all other respects, the judgment is affirmed.
Waller was injured on June 10, 1977 while he was driving a 1972 Chevrolet automobile in a northerly direction on U.S. Highway 167 in Dry Prong, La., when Willie L. Harris, an employee of Elvin Graham, who was driving in a southerly direction on U.S. Highway 167, in a fully loaded Mack pulpwood truck, insured by Employers, abruptly turned left in front of Waller, causing him to brake to avoid a collision. At that time, Waller was struck from the rear by a 1973 Dodge van owned by Turren-tine, operated by Revoir, and insured by American.
Waller filed this suit alleging that he sustained severe and permanent injuries to his back and neck directly as a result of the collision and additionally that his extensive pre-existing injuries had been aggravated.
The trial judge held that Harris and Re-voir were jointly negligent and thus solidar-ily liable unto Waller in the amount of $18,000 in lost wages, $15,000 in general damages, and $711 for medical expenses.
All parties have appealed on various grounds. Revoir, Turrentine, and American only urge the trial court’s abuse of discretion regarding the damages awarded Waller.
We will first treat the issue of liability of the parties. The trial court found that Harris had made an improper left turn. Harris admitted to the investigating officer that “Waller’s car was much closer than he had realized,” and he later voluntarily paid a fine for this traffic violation.
A careful reading of the transcript reveals no error in the finding of the trial court. LSA-R.S. 32:104 imposes a high standard of care upon motorists making a left turn and require them to do so when such maneuver will not unreasonably interfere with oncoming traffic. Bond v. Jack, 387 So.2d 613 (La.App.3rd Cir. 1980).
The testimony reveals that Revoir was actually looking at the school in Dry Prong when he failed to maintain a proper lookout and rear-ended the Waller vehicle. We hold that the trial court’s finding of liability is clearly correct. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The real issue in this case focuses on damages. After a lengthy trial, the District Court awarded Waller $18,000 for loss of earnings, $15,000 for general damages and $711 for medical expenses. Defendants appeal alleging error in the assessment of any loss of earnings against them and, alternatively, abuse of discretion in the present loss of earnings award. They also allege abuse of discretion in the general damage award. Plaintiff appeals and asks for an increase in both of these awards based on abuse of discretion.
We begin by noting that because the parties failed to appeal the medical expenses allowed, that portion of the trial court’s award remains undisturbed.
The trial court awarded loss of earning damages to Waller. Defendants contend that because Waller’s loss of earnings resulted from an earlier explosion accident and not from the rear-end collision, the trial court erred in assessing any loss of earnings against them. We agree.[1] For this reason *1119 we must reverse the trial court’s award for lost wages. Our disposition of the lost wages award pretermits the need to address defendant’s contention that the award is too high and plaintiff’s contention that the award is too low.
The trial court awarded Waller $15,-000 in general damages. The record as a whole supports this award. Waller had a history of lumbosacral and cervical problems dating back to 1959 when he underwent back surgery. Between 1965 and 1972, Waller was treated for low back complaints. In 1971, he was rear-ended in an automobile collision after which he complained of injury to his cervical spine. On March 19,1977, Waller was injured at work when an explosion blew him off of a scaffold and onto concrete some ten feet below. As a result of those injuries, Waller was hospitalized for several days.
Shortly after the explosion accident, Waller was involved in another accident. This is the June 10, 1977 rear-end collision caused by the joint negligence of defendants. Waller received additional injuries, among them a serious neck injury. Medical testimony established that Waller is totally and permanently disabled and that while the June 10, 1977 rear-end collision may not have been the sole cause of this disability, it at least contributed to his condition.
At the trial of this matter, Waller testified that he is bothered by headaches and that twisting or bending movement is painful. Medical testimony indicated that surgery would not alleviate Waller’s pain. Waller appears destined to experience permanent pain.
The trial court took these particular facts and circumstances into account before awarding Waller $15,000 in general damages. We feel the award is supported by the record and is well within the trial court’s much discretion. We may not disturb this award on appeal.
Waller appeals the general damage award as insufficient. We observe that Waller did have a history of back problems leaving him with an arthritic back. Also, Dr. Patton testified that just by being 61 years old Waller was in an age group that commonly begins to have problems with the neck and back. Dr. Patton further testified that Waller was not weak, he is not paralyzed, he does not have a foot drop, and he has good use of his arms. We think the general damage award is supported by the record and is well within the trial court’s much discretion. Thus, the award may not be disturbed on appeal.
For the reasons assigned, the judgment of the trial court is amended to deny the $18,000 award for lost wages. In all other respects, the judgment of the trial court is affirmed. Costs on appeal are taxed against the defendants.
AMENDED AND AFFIRMED.

. Waller filed suit to recover damages for personal injuries he received in the earlier explosion accident. That case was tried before the same trial court which heard this case. Waller was denied recovery in the explosion suit. He appealed. The appeal was docketed for hearing by the same panel of this court and in the same cycle as Waller’s suit growing out of the automobile accident. It bears docket number 7843 and is entitled William T. Waller, et al v. Farmland Industries, Inc., et al and is reported at 392 So.2d 1099, La.App. 3rd Cir. (1980). On *1119 appeal in the explosion suit this court determined that Waller was entitled to recover damages, and that the lost wages portion of these damages was attributable to the explosion accident. Accordingly, on appeal in that case, Waller was awarded an appropriate amount for his lost wages.