SAVOIE, Judge.
This action arises out of an accident that occurred during daylight hours on June 21, 1979, at a bridge located on Louisiana Highway 19 near the City of Zachary, Louisiana.
On this date, the City of Zachary had detailed employees to paint the bridge on which the accident occurred. A passing motorist, Ruby Wright, stopped her vehicle on the shoulder and partially on the north bound lane of Highway 19 to ask the employees to see if she was getting a flat tire. Several of the employees approached the vehicle and spoke to Ruby Wright. At this same time a vehicle being driven by Mr. Ronnie Freeman approached the scene and went around the Wright vehicle by going partially into the south bound lane of travel of Highway 19. The Freeman vehicle was being followed by a pick-up truck operated by Mr. Donald J. Kleinpeter. Mr. Kleinpeter decided to stop rather than go into the south bound lane of traffic as Mr. Freeman had done. The husband of the plaintiff, Lawless Broussard, who was following some three to four car lengths behind the Klein-peter vehicle, failed to stop his motorcycle in time. He hit the rear of the Kleinpeter vehicle' with his handlebar. The plaintiff, Mrs. Broussard, riding with her husband, was thrown from the motorcycle and suffered a displaced fracture of the tibia, a fracture of the fibula and lacerations of the leg.
This action was tried by jury against Foremost Insurance Company, insurer of the motorcycle operated by Lawless Brous-sard, on which plaintiff was a passenger; against Ruby Wright, owner and operator of a vehicle insured by State Farm Mutual Automobile Insurance Company; against Ronnie Freeman, owner and operator of a vehicle insured by Commercial Union Insurance Company; against Donald J. Kleinpeter, owner and operator of a vehicle insured by International Indemnity Company; against the City of Zachary, employer of “CETA” workers, insured by Home Insurance Company; and against Travelers Insurance Company, the plaintiff’s underin-sured motorist carrier.
The jury found defendants Kleinpeter and Freeman free from negligence; plaintiff has not appealed this portion of the judgment. The jury found defendants Ruby Wright and Foremost Insurance Company (through Lawless Broussard) liable unto plaintiff. Plaintiff has accepted payment from these parties and Travelers Insurance Company, and has released them with reservation of rights against Home Insurance Company and the City of Zachary-
The jury found that-the City of Zachary was negligent, but that its negligence was not a proximate cause of the accident. *422 Stipulated medical expenses were $15,-156.33 and general damages awarded to plaintiff were $25,000.00.
By this appeal, Mrs. Broussard claims that the jury’s conclusion that the employees of the City of Zachary did not contribute to the accident is clearly wrong and that the amount of damages awarded is too small.
Mrs. Broussard’s claim against the City rests on the argument that it negligently failed to provide warning devices at the site of maintenance work on the bridge and to adequately train and supervise its employees in traffic control. The jury evidently accepted this argument because it declared the City negligent. However, it found that that negligence was not a proximate cause of the accident. There is some evidence in the record on which the jury could have based a finding of liability against the City. But the record also contains evidence which fully supports the finding of no liability that the jury in fact produced. Particularly relevant is the testimony of Mr. Donald J. Kleinpeter, who has been mentioned already.
Q. So, her vehicle sticking out into the northbound lane of traffic is what caused you to come to a stop?
A. Right.
Q. Were any CETA workers stepping out in front of your vehicle or going out in your lane of traffic?
A. No. That was all the CETA workers I saw was around the vehicle.
Q. On the other side of the vehicle?
A. Right.
(Tr. 328)
This shows that in the opinion of Mr. Kleinpeter, the obstruction to traffic was caused solely by Mrs. Ruby Wright’s improperly parked car, and not by city employees standing in the roadway.
A review of the record convinces us that the conclusions of the jury were correct, and we find no error therein, manifest or otherwise; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The injuries suffered by Mrs. Brous-sard were quite painful, temporarily disabling, and have left scars. She has, however, substantially recovered from them. Article 1934 of our Civil Code allows the trier of fact much discretion in fixing a money amount in cases of this sort and we can find no reason to say that a $25,000.00 award in this case is an abuse of that discretion; Coco v. Winston Industries, Inc., 341 So.2d 332, (La.1976).
The judgment of the trial court will be affirmed in all respects. Costs of this appeal are to be paid by appellant.
AFFIRMED.