SHORTESS, Judge.
This suit for damages arose out of a vehicular collision between an unloaded eighteen-wheel tractor trailer dump truck owned by Homer L. McMullan and being operated by William Kennard; and a 1974 Ford dump truck owned by the City of Baker, Parish of East Baton Rouge (City-Parish), Department of Public Works, and being operated by its employee Andrew W. Tolbert. The collision occurred on the Kidd Creek Bridge of the Pride-Baywood Road on June 11,1980, at approximately 8:15 a.m. The weather was clear. Kennard was proceeding in a general southerly direction on the Pride-Baywood Road; Tolbert had positioned his dump, truck on the Kidd Creek Bridge blocking all of the northbound lane and at least half of the southbound lane. He was dumping fill material from the bridge into the creek below as an erosion preventive measure. A short distance before the bridge, the road curves rather sharply to the north, and Kennard was rounding this curve just prior to the accident.
Homer L. McMullan and his insurer, Insured Lloyd’s Insurance Company, filed suit against the City-Parish and Andrew Tolbert for the damages to his truck. City-Parish filed a reconventional demand seeking to recover for the damages to its truck and for medical expenses and workmen’s compensation paid to Tolbert.
The trial court, after visiting the scene and hearing the evidence, handed down oral reasons dismissing both the main and recon-ventional demands. The pertinent portion of his oral reasons is quoted as follows:
“All right. In this matter let the record show that the Court, as stated previously, has gone to the scene of the accident. The testimony from the driver of plaintiff’s truck and other remarks of counsel indicate that this curve was a blind curve. Well, the Court’s appreciation of the curve is that it is a curvy curve. It is not what you would call a complete blind curve. You don’t all of a sudden come to the bridge. You can see a little ways down the road. The evidence further indicates by Mr. Kennard’s testimony that he was going somewhere between forty-five and fifty, and he was driving a large truck and trailer. Stipulated to as P-1 is the accident report in which the officer testified that, in which the officer wrote that Mr. Kennard advised that he was traveling fifty miles per hour at the time. Again, I say, the speed limit was forty-five. This Court is of the opinion that this speed was too great under the circumstances. As he said, he didn’t get a ticket. If he drives that way all the *397 time he apparently should get one every day. The Court feels certain that this contributed to the accident. The suit is dismissed at plaintiff’s cost.”
And, further:
“As part of the reasons, I meant to say in the reasons that I find that the driver of the plaintiff’s vehicle was contributorily negligent in addition to the defense being negligent, and therefore all claims are dismissed. The main demand and the reconventional demand are dismissed at. plaintiff on the original demand’s cost.”
City-Parish did not contest its negligence because its employees had failed to post a flagman prior to positioning the dump truck across the traffic lanes. The appeala-ble issue is whether or not the driver of the gravel truck was also guilty of negligence which would be imputable to his employer and preclude recovery. The trial judge found that Kennard was going too fast under the circumstances and that his speed contributed to the accident.
The record clearly supports the trial court’s finding. In addition to Ken-nard’s trial testimony that he was going 45 to 50 miles per hour, there was other testimony which corroborated the finding of excessive speed: (1) Kennard’s admission to the investigating officer that he was going 50 miles per hour; (2) the officer’s finding that the posted speed limit was 45 miles per hour; (3) the testimony of Alton Schneider who lived nearby and looked out his window when he heard screeching brakes, but could not see the truck for all the smoke coming from its brakes and tires; (4) the fact that the truck was empty and more difficult to bring to a complete stop than had it been loaded; and (5) the policeman’s notation that the truck left 240 feet of skid marks prior to impact. All these factors were obviously considered by the trial court in making its decision that Kennard was guilty of negligence. Additionally, the trial judge observed that, notwithstanding Ken-nard’s testimony, the curve was not' blind but afforded a view down the road as one approached the bridge.
These facts certainly could justify a finding of excessive speed and failure to maintain a proper lookout and control under the circumstances, which could have played a substantial factor in the accident and were sufficient to deny recovery by plaintiff. A reviewing court may not substitute its will for that of the trier of fact unless the record shows that the trial court’s findings were clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
AFFIRMED.