FRED W. JONES, Jr., Judge.
Joseph S. Scurria sued George B. Ten-nant for past due rent, legal interest and attorney fees. The defendant alleged that a fire had terminated the lease under its own terms. The trial judge determined that the lease provision was ambiguous and construed it against Scurria, who had prepared the instrument. Therefore, judgment was rendered denying Scurria’s claims. We affirm for the following reasons.
Scurria leased a building to Tennant to be used as a funeral home. The term of the lease was for one year, from June 1, 1981 to May 31, 1982. The rent was $500 per month. On January 4, 1982, a fire rendered the building temporarily unsuitable for Tennant’s business. Tennant surrendered the keys to the building to Scurria shortly after the fire. Tennant never got the keys back from Scurria.
The controversy resolves around the following language in the lease:
“The destruction in whole are [or] in part of the leased premises by fire or other casualty will terminate this lease except that lessor retains the right to accept that lessor shall have the right to determine if the property shall be rebuilt.
“The option granted hereinabove shall be granted only if lessee notifies lessor in writing prior thirty (30) days from the expiration of this lease of his intention to renew.”
There are two issues to be decided: first, whether or not the trial judge erred when he decided that the damages were sufficient to rise to the level of a “destruction in whole (or) in part” under the language of the lease contract; and, second, whether or not the result the trial court reached was a proper interpretation of the contract.
Scurria urges that the language of the contract is “nothing more than a restatement of Article 2697 of the Civil Code .... ” Article 2697 states:
*201 If, during the lease, the thing be totally destroyed by an unforseen [unforeseen] event, or it be taken for a purpose of public utility, the lease is at an end. If it be only destroyed in part, the lessee may either demand a diminution of the price, or a revocation of the lease. In neither case has he any claim of damages.
The lease does not restate Article 2697. For example, Article 2697 only grants the lessee a right to demand a revocation of the lease, while the provision in question automatically terminates the lease with a possible exception that is obscure at best. Scurria cites two cases interpreting the Civil Code provision. See Di Carlo v. Campo, 15 La.App. 693, 132 So. 527 (1931), and Bossier Center, Inc. v. Palais Royal, Inc., 385 So.2d 886 (La.App. 2d Cir.1980). These cases are distinguishable because they employ the Civil Code language while the parties in this case chose to vary the law by contract. Parties are free to vary the law between themselves as long as the contract is not against good morals (contra bonos mores) and not contrary to the public good. La.C.C. Article 11.
The trial judge considered the contract language and weighed the conflicting testimony. He determined that the damage was sufficient to terminate the lease. Determination of the extent of damages in this case was particularly within the province of the trial court in light of the credibility issues raised. We are not prepared to say that the trial judge was clearly wrong in that determination. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial court determined the contract to be ambiguous and construed it against the drafting party, Scurria. While we would label the language obscure, the same rule applies. La.C.C. Article 1958. A fair interpretation of the contract would be that the lease is automatically terminated by the partial destruction of the building unless the lessee chooses to renew. In this case, Tennant did not choose to renew. Consequently, we find, as the trial court did, that Tennant does not owe the rent prayed for.
We affirm the district court’s judgment at appellant’s cost.