KING, Judge.
The sole issue presented by this appeal is the correctness of the money judgment rendered by the trial court in favor of plaintiffs and against the defendants.
This is a suit on a promissory note wherein the makers claim they are entitled to a set-off, of $6,350.00 on the principal amount of the indebtedness sued on, for money they had previously advanced to the father of the holders of the note.
This case was consolidated for trial with the suit of Wallace Pousson v. Ronald Charles Pousson, et al., Number 51,236 on the trial court docket, our Docket Number 84-686. These suits remain consolidated on appeal and, since the law and relevant facts are common to both, our opinion here is equally applicable. However, we render a separate judgment in the consolidated case of Pousson v. Pousson, 476 So.2d 1109 (La.App. 3rd Cir.1985).
After a trial on the merits, judgment was rendered in favor of the plaintiffs-appellees and against the defendants-appellants in the sum of $9,000.00, together with interest at the rate of 12% per annum from November 1, 1980 until paid, and attorney’s fees of ten (10%) percent of the aggregate amount of principal and interest due, and for all costs of suit. The trial court denied defendants-appellant’s claim for a set-off, finding that they had not proved their claim for a set-off and, even if their claim had been proven, that it had prescribed.
The defendants-appellants appeal urging that:
(1) The trial court erred in finding that they had not proven they were entitled to a set-off of $6,350.00; and
(2) The trial court erred in finding that their claim for a set-off, even if proven, had prescribed.
For the reasons hereinafter set forth, we affirm the judgment of the trial court.
FACTS
Wallace Pousson (hereinafter Wallace) is the owner of Pousson Rice Dryer, a business which stores and dries rice, soybeans and other crops. Wallace’s brother, Eric Pousson, (hereinafter Eric) was one of the farmers who dried and stored his rice at Wallace’s dryers. In the year 1969 or 1970, Wallace borrowed $12,000.00 cash from Eric. Wallace signed a promissory *1106 note made payable on demand to Eric as evidence of the debt. The note did not contain a provision for payment of interest on the principal amount of the loan because Wallace agreed to store and dry Eric's crops free of charge instead of paying interest on the loan.
Wallace testified that on March 6, 1973, he wrote a $3,500.00 check to Eric and that on January 18, 1973 he wrote a $2,850.00 check to Eric’s son, Donald Pousson. Wallace claimed that the two checks were given at Eric’s request, and as advances to Eric in anticipation of the sale of Eric’s rice then stored in Wallace’s dryer, but that subsequently he and Eric agreed to apply the amount of these two checks, totaling $6,350.00 to the balance due on the $12,-000.00 promissory note he had given to Eric. Copies of the two checks were introduced into evidence; however, the checks contain no written notation of why they were issued. On February 7, 1974 Wallace paid Eric $3,000.00 for credit on the note by means of a personal check upon which is written “note loan payment.” A copy of this check was also filed into evidence.
On March 6, 1978 Eric died, survived by his two sons, Ronald Pousson and Donald Pousson. While organizing the affairs of the estate, Ronald Pousson discovered the $12,000.00 note and submitted it to Wallace for payment. Ronald Pousson acknowledged to Wallace that his father, Eric, had told him, just two weeks prior to his death, that Wallace had paid Eric $3,000.00 on the note. At this time, Wallace made no mention to Ronald Pousson of the claim that he made at trial that he and Eric had agreed to apply the $6,350.00, allegedly given as crop advances, to the balance then owed on the $12,000.00 note he had given to Eric. Since Wallace was then unable to pay the $9,000.00 balance, that he acknowledged to Ronald Pousson was due at that time on the note to their late father, Eric, he agreed to sign a new promissory note payable on demand to Ronald Pousson and Donald Pousson for $9,000.00 together with 8% annual interest. Ronald Pousson testified that Wallace and Wallace’s wife, Gloria O. Pousson, (hereinafter Gloria) signed a new promissory note on November 1, 1978 in his presence and gave it to him. However, both Wallace and Gloria testified at trial that they could not remember signing the note or giving it to Ronald Pousson.
On November 1, 1979 Ronald Pousson sent Wallace and Gloria a written demand for payment of the $9,000.00 principal and accrued interest on this note. Fifteen days later, Ronald Pousson sent them a second notice. They did not respond so Ronald Pousson then went to their house. Wallace told Ronald Pousson at that time that he could not pay anything on the principal but he orally agreed to increase the interest on the note to 12% for the following year. Wallace at that time then wrote a check in the amount of $720.00 (8% of $9,000.00) for one year’s interest on the $9,000.00 note and gave it to Ronald Pousson. The following year Ronald Pousson again sent two written notices, on November 1, 1980 and November 15, 1980, requesting payment of the principal and interest on the note. When it became apparent that Wallace would not respond, Ronald Pousson went to Wallace and Gloria’s house to personally request payment. Wallace again told Ronald Pousson that he could not pay anything on the principal but he paid, in two separate checks to Ronald Pousson and Donald Pousson of $540.00 each, the annual interest of $1,080.00 (12% of the $9,000.00) then due on the note. He also promised to start paying on the principal the following year. The 1980 interest payment was the last payment Ronald Pousson and Donald Pousson received on the note.
On December 28, 1982, Wallace Pousson filed a separate suit to collect $6,350.00 from Ronald Pousson and Donald Pousson which he alleged was advanced in 1973 to Eric and Donald Pousson, in the form of crop advances, at Eric’s request. Wallace further alleged that he had never been repaid for these advances and, since Ronald Pousson and Donald Pousson had unconditionally accepted Eric’s succession, they were both liable for the debt. Wallace also alleged that Ronald Pousson and Donald *1107 Pousson were making demands upon him to pay a $9,000.00 promissory note which he alleged was nonexistent or a forgery. Accordingly, Wallace also prayed for judgment in his suit enjoining Ronald Pousson and Donald Pousson from harrassing him with regard to this “alleged promissory note.” Wallace’s suit against Ronald Pous-son and Donald Pousson is the suit which was later consolidated with this suit and which remains consolidated on appeal.
Several days later, Ronald Pousson and Donald Pousson filed this suit against Wallace and Gloria to collect on the $9,000.00 promissory note. In response, Wallace and Gloria filed an exception of lis pendens based on the suit they had filed against Ronald Pousson and Donald Pousson. The trial judge did not grant the exception but consolidated both suits for trial pursuant to LSA-C.C.P. Art. 1561. After trial on the merits, the trial judge rendered judgment finding (1) that the $9,000.00 promissory note signed by Wallace and Gloria was authentic and valid; (2) that Wallace and Gloria failed to prove that they had a claim for $6,350.00 against Ronald Pousson and Donald Pousson; (3) that, even if Wallace and his wife had proven their claim for $6,350.00, it was an action for money loaned and barred by prescription under LSA-C.C. Art. 3494; (4) granted judgment in favor of Ronald Pousson and Donald Pousson in the amount of $9,000.00, plus 12% interest from November 1, 1980, until paid, and attorney’s fees, as provided for in the promissory note, of ten (10%) percent of the aggregate amount of principal and interest due and owing, and all costs of the proceedings; and (5) granted judgment dismissing Wallace’s consolidated suit against Ronald Pousson and Donald Pousson, at his cost.
Wallace and Gloria timely appeal the judgment rendered in both suits urging that (1) the trial court erred in finding that they failed to prove that they had a claim for $6,350.00 against Ronald Pousson and Donald Pousson and in not awarding them a set-off for that amount; and (2) the trial court erred in finding that their claim for $6,350.00, even if proven, had prescribed.
Wallace and Gloria contend that the trial judge erred in failing to find that they paid $6,350.00 for credit on the balance owed on the $12,000.00 promissory note given to Eric for which they had not received credit. At trial Wallace and Gloria relied solely upon their own testimony to prove that the two checks, totaling $6,350.00, were supposed to be applied for credit to the balance owed on the $12,000.00 note given to Eric. Wallace testified that the $2,850.00 check, dated January 18, 1973, and. the $3,500.00 check, dated March 6, 1973, were originally issued as crop advances at Eric’s request. However, Wallace claimed at trial that several months after the checks were issued, Eric needed more cash and asked Wallace to pay something on the note. Wallace claims he wrote Eric a check for $3,000.00 with the inscription “note loan payment” and told Eric that if “things come out like I think they will I’d like to apply those (the $3,500.00 check and the $2,850.00 check) checks on the note also.” At trial Wallace stated that things turned out well for Eric when he sold his rice and that he and Eric then agreed to apply the $6,350.00 that was originally paid as a crop advance to the balance he owed on the $12,000.00 note to Eric.
The trial judge obviously was not convinced by Wallace’s testimony as it conflicted with other facts that were clearly established at trial. As we stated in Richoux v. Hebert, 449 So.2d 491 (La.App. 3rd Cir.1983), writ den. 450 So.2d 368 (La.1984):
“[W]hen there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, a reviewing court will not disturb the factual finding on appeal in the absence of manifest error ...” Richoux v. Hebert, 449 So.2d 491, at page 495 (La.App. 3rd Cir.1983), writ den. 450 So.2d 368 (La.1984).
See also, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
*1108 Our review of the record indicates the trial judge’s conclusions were based on a reasonable evaluation of the credibility of the testimony of Wallace and Gloria. There are several unexplained inconsistencies in Wallace’s and Gloria’s testimony which rendered their testimony highly questionable. Eric Pousson died on March 6, 1978, and Wallace signed the new $9,000.00 note made payable to Ronald Pousson and Donald Pousson several months later on November 1, 1978. If Wallace was testifying truthfully when he stated that prior to Eric’s death they had agreed to apply the two checks totaling $6,350.00 to the balance owed on the original note, then there would have been no reason for Wallace to sign the new note for $9,000.00 and to subsequently make interest payments in 1979 and 1980 that were computed on a $9,000.00 balance if the balance owed would have been only $2,650.00. At trial Wallace and Gloria even refused to admit that they signed the $9,000.00 note, but the trial judge properly concluded that the evidence clearly showed that they had each signed the note. At the trial neither Wallace nor Gloria had the conviction to affirmatively testify that they didn’t sign the note; instead they only stated that they did not remember signing it. Wallace even admitted that he knew a handwriting expert had concluded that the two signatures on the note were his and Gloria’s own signatures. Furthermore, Wallace admitted to making one 8% interest payment in 1979 in accordance with the original terms of the $9,000.00 note and one 12% interest payment in 1980 in accordance with the oral agreement for interest that he made with Ronald Pousson to prevent Ronald Pousson and Donald Pousson from making a demand for payment of the entire principal owed. Wallace certainly would not have made two interest payments on a note he had not signed. When confronted with this, Wallace testified that he thought he was paying interest on the old $12,000.00 note to Eric, however, this was contrary to his earlier testimony that the old note to Eric did not require the payment of interest.
Gloria testified that the business records of Pousson Rice Dryer showed that the $3,500.00 check and the $2,850.00 check, issued in 1973, were recorded as crop advances to Eric, yet the final accounting from the Dryer for that year shows that Wallace never deducted this alleged $6,350.00 crop advance from the sale of Eric’s rice crop. It is for this reason that Wallace and Gloria contend that they are entitled to judgment from Ronald Pousson and Donald Pousson, as Eric’s legal heirs to his succession, in the amount of $6,350.00 that Wallace advanced to Eric and Donald Pousson at Eric’s request. When confronted with questions about an accounting or re-cap of the Dryer records concerning the $12,000.00 note Wallace gave to Eric and with other business transactions between the Dryer and Eric, several inconsistencies appeared which Wallace said were mistakes. Gloria testified that she had other Dryer records in her possession to verify these mistakes, yet they were never introduced at the trial.
For the reasons set forth above, we cannot say that the trial judge was manifestly erroneous in finding that Wallace and Gloria failed to meet their burden of proving that they were entitled to recover judgment for $6,350.00 from the plaintiffs to be used as a set-off to the note sued on.' Since our consideration of Assignment Of Error Number 1 renders moot the consideration of Assignment of Error Number 2, we will not discuss Assignment of Error Number. 2.
For the foregoing reasons, we affirm the judgment of the trial court in this suit. All costs of this appeal are to be paid by defendants-appellants.
AFFIRMED.