DUFRESNE, Judge.
This is an appeal from a judgment of the trial court denying the award of damages to the plaintiff, Duane J. Puderer and granting an award to the defendants (plaintiffs-in-reconvention).
On April 29, 1982, at approximately 9:00 p.m., Duane Puderer was operating his motorcycle at the intersection of Louisiana Highway 23 (Belle Chase Highway) and Whitney Avenue, when he collided with an automobile driven by Louis Gonzales.
Plaintiff, Duane Puderer alleges that he was attempting to make a left turn off of Louisiana Highway 23 onto Whitney Avenue, while he had a green arrow, when he was struck by the defendant, Louis Gonzales. Puderer contends that the proximate cause of this collision was the defendant’s negligent failure to “yield for a red traffic control signal”.
This tort suit was filed by Puderer against Gonzales and his automobile liability insurer, Leader National Insurance Company. Later, a reconventional demand was filed by Gonzales and Leader against Pu-derer and his insurer, First American Insurance Company for property damages previously paid.
The trial court rendered judgment in favor of the defendants and against plaintiff. Furthermore, the court granted judgment in favor of Leader on its reconventional demand against Puderer and First American for $1,818.42, and ruled that Puderer and First American were to pay Gonzales his $250.00 deductible.
Puderer and First American have appealed this judgment and argue that the trial court erred in finding Puderer negligent in causing the intersectional collision.
The testimony of the various witnesses here was no different than that found in many or most auto accident lawsuits. If *439 the testimony of all the witnesses is accepted as true, the only conclusion to be drawn would be that they could not have seen the same accident.
This court in our review of the record is given guidance from a well reasoned trial court judgment. In its oral reasons for judgment the trial judge provided a very detailed recap of the testimony of the witnesses that testified in the case.
In reaching his conclusion, the trial judge stated:
“After hearing all of the evidence and obviously the conflicting testimony, the sympathy of the Court is basically with Mr. Purderer, [sic] because he suffered personal injuries in connection with this accident. He only has one kidney and he is suffering from diabetes and he did suffer some injuries on top of the preexisting conditions that he has. However, this Court feels that the most impressive witnesses to testify before the Court were Diane Ogan and her husband, Robert Ogan. Both of them strenuously indicated that they were facing a red traffic light and that traffic was proceeding up and down the Belle Chasse Highway at that time. This Court believes the more credible evidence presented to the Court here today was that of both of these witnesses, who are independent witnesses. This Court holds as a fact that the light was green facing traffic on Belle Chasse Highway and that Mr. Purderer [sic] attempted to cross the Belle Chasse Highway, cross to Whitney Avenue from the Belle Chasse Highway, on a red traffic signal and, therefore, this Court is going to dismiss the suit for personal injuries filed by Mr. Purderer [sic] and this court renders a judgment in favor of Louis C. Gonzales and Leader National Insurance Company.”
On appeal, the standard of review to be applied on factual issues, is whether the trial court was manifestly erroneous; in other words, clearly wrong in its factual determination, Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) and their progency.
We must give great deference and weight to the factual conclusion and resultant judgment of the trial court.
Where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed on appeal, even though this court may deem other inferences and evaluations are as reasonable. Canter and Arceneaux, above.
The deference given to the trial court is given because the judge hearing each case is in a better position to observe the demeanor of the witnesses in assessing credibility.
Because the record clearly reveals a reasonable factual basis for the trial court’s conclusion, the judgment of the trial court will not be disturbed.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.