YELVERTON, Judge.
This is an appeal from a finding that roof damage was not covered under a homeowner’s policy. We affirm.
Mary Lou Puckett sued State Farm Fire & Casualty Company, claiming that the roof of her house in Olla was damaged in a hail and wind storm on August 10, 1986, requiring replacement at a cost of $1,550. The insurer denied the claim for two reasons, first that the leaking of her roof was not caused by hail damage, and second, that the leakage was caused by an improper installation of the roof. Either one of these reasons was a basis for denying the claim under the policy.
The evidence at the trial consisted of the testimony of the plaintiff and the testimony of two experts, one appearing for the plaintiff and the other appearing for the defendant. It was established that the roof was three years old, and that already repairs had twice been made to it, because the staples which had been used to secure the fiberglass shingles kept working their way out and through the overlying shingles. Plaintiff’s own expert testified that he was the one who made the two earlier repairs, and that the need for these repairs was caused by the improper use of staples rather than nails, to secure the underlying fiberglass shingles. The defendant’s expert also testified that the roof was improperly installed. He explained that staples were used and that they were not driven sufficiently far into the roof decking to make them flush with the shingle to which they were stapled. This caused the overlapping shingle to rest upon the staple, and pressure from natural forces, such as rain, would push down upon the shingle causing the staple to eventually work its way through the overlying shingle. This, in turn, caused the leaks.
On the basis of this testimony the trial judge held that the plaintiff had failed to prove the damages were caused by hail. The trial court further held that the real cause of the damage was the use of staples and improper installation.
*355 The policy of State Farm did not insure against inherent vice or latent defect. The trial judge reasoned that the only proven cause of the damage, by a preponderance of the evidence, was a cause for which the policy did not provide coverage. We find no clear error in the trial court’s finding as to the cause of the damage. Under the clear principles of appellate review announced in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), we must affirm. Appellant will pay costs.
AFFIRMED.