GARRISON, Judge.
On October 14, 1986, while in the course and scope of his employment with defendant-appellant, Schwegmann Giant Supermarkets, Inc., plaintiff-appellee, Rung Nguyen, fell and allegedly injured his back. A claim was filed with the Office of Worker’s Compensation. Plaintiff rejected its recommendation and instituted the present suit. He received temporary total benefits as per the Office of Worker’s Compensation recommendation, but sought permanent and total disability benefits from the trial court. Plaintiff was awarded permanent partial disability benefits for 520 weeks from the date of the accident, finding the plaintiff to have been totally disabled until October 19, 1987.
At this time, the defendant appeals the trial court’s finding and award. Schweg-mann’s contends that the trial court erred in terminating benefits on October 19,1987 as opposed to June 20, 1987 in contravention of the testimony of Dr. Brent, an examining physician, and in failing to award Schwegmann credit for benefits previously paid. The plaintiff-appellee asserts that the trial court erred in failing to award temporary total disability for an indefinite period of time. In its reasons for judgment, the court found that Mr. Nguyen was able to perform light duty work on a full time basis as of October 19,1987 when he went to Dr. Rozenkrantz. Of the testifying doctors in this case, the trial judge found the testimony of Dr. Rozenkrantz to be the “least impressive” and that of Dr. Brent to be the “most credible”.
Dr. Brent, an orthopedic surgeon, had examined Mr. Nguyen on the 20th of July, 1987 at the request of the Louisiana Department of Worker’s Compensation. Dr. Brent stated that in his opinion, based upon tests administered, the patient had a normal orthopedic examination. Further, he felt that Mr. Nguyen voluntarily restricted his movements in an attempt to mask such findings. In his report to the Office of Workman’s Compensation, Dr. Brent did not restrict the plaintiff from any type of work including his prior job. Dr. Brent’s testimony supports appellant’s assertion that Mr. Nguyen should only receive benefits for total disability up to July 20, 1987.[1]
In addition to Dr. Brent, three other doctors testified. Each of these witnesses had varied opinions as to the extent of the appellee’s injuries and the duration of his disability. Thus, the testimony of Dr. Brent was only one factor considered by the trial court. This court may not disturb the trial court’s decision unless manifestly *345 erroneous, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), or when the evidence is such that no other conclusion could be drawn, Randall v. CUNA Mutual Insurance Group, 424 So.2d 489 (La.App. 5th Cir.1982). The decision as to the cutoff date for Mr. Nguyen’s benefits, however, was not clearly erroneous nor is there a dearth of evidence to support this position. The fact that the court found Dr. Brent’s testimony to be the most credible does not mean that it was the only evidence taken into consideration. Therefore, the October 19, 1987 date is upheld.
In its second assignment of error, appellant argues that the trial court erred in calculating benefits due to the appellee as it failed to deduct compensation payments paid to plaintiff before trial. On the basis of LSA-R.S. 23:1223 [2] appellant urges that it is entitled to credit for these previous payments. This statute, however, is not applicable to the instant situation. In this case appellee received prejudgment benefits under LSA-R.S. 23:1221(1) and awarded benefits pursuant to LSA-R.S. 23:1221(3). The statute provides for deductions from compensation under 23:1221(4) when payments have been made under 23:1221(1), (2), or (3). There is no specific provision for the type of deduction in question. The Workmen’s Compensation Act does not lend itself to analogy. The judgment below is affirmed.
AFFIRMED.
WILLIAMS, J., dissents in part.

. Although the appellant’s brief states June 20, 1987 as the date of Dr. Brent’s examination of the patient, the record reflects the date of July 20, 1987. Thus the appellant's brief appears to be in error.

. LSA-R.S. 23:1223 states as follows:
1223. Deductions from benefits.
When compensation has been paid under R.S. 23:1221(1), (2), or (3), the amount of such payment shall be deducted from any compensation allowed under R.S. 23:1221(4) or Sub-part C of this Part.