| | | |
|---|---|---|
| **LINDA KOCHER** | * | **NO. 2019-CA-0993** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **TRUTH IN POLITICS, INC.,** | * | |
| **AND CAUSEWAY** | | **FOURTH CIRCUIT** |
| **CONNECTION PAC** | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-11867, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Edwin A. Lombard**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge
Paula A. Brown)
*DYSART, J., CONCURS AND ADDS REASONS*
*BROWN, J., CONCURS FOR THE REASONS ASSIGNED BY JUDGE*
*DYSART*

Amanda Hass
Law Office of William Most
201 St. Charles Ave., Ste. 114, #101
New Orleans, Louisiana 70170
-AND-
Lawrence Blake Jones
David C. Whitmore
Joshua L. Rubenstein
Ronald L. Wilson
BLAKE JONES LAW FIRM, LLC
701 Poydras Street, 4100
New Orleans, LA 70139

      COUNSEL FOR APPELLEE/ PLAINTIFF LINDA KOCHER

William D. Aaron, Jr.
Anna A. Rainer
AARON & GIANNA, PLC
201 St. Charles Avenue, Suite 3800
New Orleans, LA 70170

      COUNSEL FOR DEFENDANT/APPELLANT

        **REVERSED AND REMANDED**
        **NOVEMBER 15, 2019**

The Appellants, Truth in Politics, Inc., and Causeway Connection PAC, seek review of the November 13, 2019 judgment of the district court, granting a temporary restraining order in favor of Plaintiff, Linda Kocher. Finding that the district court erred in failing to render a temporary restraining order compliant with La. Code Civ. Proc. art. 3605, we reverse the judgment and remand this matter to the district court for reissuance of an appropriate order.

**Facts and Procedural History**

The instant election suit involves a temporary restraining order issued by the district court, pursuant to La. Rev. Stat. 18:1463, enjoining allegedly false political advertisements of the Appellants in the Louisiana gubernatorial election, to be held on November 16, 2019, between incumbent Governor John Bel Edwards and candidate Eddie Rispone.

On November 13, 2019, Ms. Kocher filed an "Emergency Petition for Injunctive Relief with Request for Expedited Consideration for Issuance of a Temporary Restraining Order," as well as a Motion for Issuance of Temporary Restraining Order. Ms. Kocher, an Orleans Parish resident and registered voter in the state of Louisiana, pleaded that as an affected voter in the upcoming run-off

1

election she seeks a permanent injunction under La. Rev. Stat. 18:1463 and La. Code Civ. Proc. art. 3601, prohibiting the Appellants from "running, distributing or transmitting" two political advertisements in the New Orleans area allegedly disseminating false information about Governor Edwards and Lieutenant Colonel (Retired) Murray Starkel. Ms. Kocher pleaded that she viewed these advertisements on television.

Specifically, she pleaded that in the first advertisement, Appellants' stated that projects to save Louisiana's coast are a "front for" the friends of Governor Edwards to get rich. The alleged advertisement: identifies Lt. Col. Starkel; alleges that once Governor Edwards was elected "backroom deals began;" and shows pictures of Governor Edwards and Lt. Col. Starkel side-by-side. In the same advertisement, Appellant Truth in Politics, Inc., claims that Lt. Col. Starkel landed a state contract worth up to $65,000,000 and that his company received a "lucrative coast contract." Ms. Kocher pleaded that this advertisement has been aired on, or will shortly be aired on, several television stations in the New Orleans area.

The second television advertisement of the Appellants, she avers, claimed Lt. Col. Starkel has "scored big" and was poised to cash-in up to $65,000,000 and that his company had a lucrative deal. This advertisement has been aired on several television stations in the New Orleans area. She contends that the statements and advertisements outlined are patently and demonstrably false and that the Appellants knew or reasonably should have been expected to know the falsity of the statements. Attached to her petition are the affidavits of Lt. Col. Starkel and Lawrence B. Haase, the executive director of the Coastal Protection and Restoration Authority (CPRA), both of which attesting to the fact that CPRA does not have contracts with nor ever issued a contract to Lt. Col. Ret. Starkel or to the

company that he serves as the Managing Partner of, Ecological Service Partners, LLC ("ESP"). The affidavits of Mr. Haase and Lt. Colonel Starkel, respectively, she avers, corroborate that although ESP responded to CPRA's Request for Statements of Interest and Qualifications and thereafter, a Request for Proposals, no contract was ever awarded by CPRA to *any* entity or proposers. This is evidenced by CPRA issued correspondence dated August 12, 2019, to all four proposers, attached to Mr. Haase's affidavit as an exhibit.

As an affected voter, Ms. Kocher further requested the issuance of a temporary restraining order, stating that she will be immediately and irreparably harmed, if in the final days of the Louisiana Gubernatorial runoff election, paid advertisements containing these allegedly false accusations are allowed to be aired. Such ads, she maintains, interfere with and impede her rights as a voter— including the right to have a runoff election for the Governor of Louisiana held in a fair, free and ethical manner— and that her right, as well as the rights of other voters, to receive truthful and accurate information in order to be fully informed to exercise her constitutional right to vote for the candidate of her choosing, pursuant to La. Rev. Stat. 18:1463, was adversely affected.

The district court, on the same date that the petition was filed, issued an order granting a temporary restraining order and setting security in the amount of $5,000.00.[1] Moreover the district court further enjoined the Appellants from "running, distributing, or transmitting" the afore-mentioned advertisements, and to "ensure that any person or entity currently running the advertisements do not run the advertisements." The order provided that it is effective "until the Court orders

---

[1] Although this matter was allotted to Division C, the judgment at issue was rendered by Division D.

3

otherwise and will expire on its own terms on November 17, 2019." Lastly, the order set a November 15, 2019 hearing date for the Appellants to show cause as to why a preliminary injunction should not issue.

The Appellants timely filed the instant appeal.[2] They raise three assignments of error:

1. The district court failed to comply with La. Code Civ. Proc. art. 3605, because the temporary restraining order does not describe the act or acts sought to be restrained in reasonable detail, rather it merely referenced the petition;

2. The district court failed to identify which advertisement and what statements within said advertisement(s), purportedly violate La. Rev. Stat. 18:1463, and in failing to recognize that one of the two advertisements at issue does not contain any statements violative of La. Rev. Stat. 18:1463; and

3. The district court erred in imposing a mandatory injunction on Appellants, which cannot be done via summary proceeding.

**Standard of Review**

An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations and inferences of fact should not be disturbed on appeal. *Arceneaux v. Domingue*, 365 So.2d 1330, 1333 (La.1978); *Housely v. Cerise*, 579 So.2d 973, 976 (La.1991).

**Compliance with La. Code Civ. Proc. art. 3605**

The Appellants aver that the district court erred in issuing a temporary restraining order that does not sufficiently describe the act or acts sought to be

[2] The district court noted in the order granting the Appellant's motion for appeal that the TRO "shall not be suspended during the pendency of the appeal per La. R. S. 18:1471(C)."

4

restrained in reasonable detail as required by La. Code Civ. Proc. art. 3605. We agree.

"An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and *not by mere reference to the petition or other documents*, the act or acts sought to be restrained." La. Code Civ. Proc. art. 3605 [Emphasis added]. "The proscribed conduct must be ascertainable from the four corners of the injunctive order or judgment, and not by the mere reference to the petition or other documents." *Contin-U-Care Outreach Servs., LLC v. Gee*, 18-1530, p. 5 (La. App. 1 Cir. 5/31/19), 278 So.3d 1001, 100 (citation omitted). *See also Wells One Investments, LLC v. City of New Orleans*, 17-0415, pp. 4-5 (La. App. 4 Cir. 11/2/17), 231 So.3d 54, 57–58.

In the matter *sub judice,* paragraph 2 of the temporary restraining order is the sole paragraph that describes the acts the Appellants are enjoined from engaging in:

> Defendants, TRUTH IN POLITICS, INC., ("TIP"), and CAUSEWAY CONNECTION PAC ("CC PAC"), shall be enjoined from running, distributing, or transmitting the advertisements described in the Petition for Injunctive Relief and Request for Temporary Restraining Order, and Defendants shall ensure that any person or entity currently running the advertisements do not run the advertisements.

The ruling as rendered does not indicate within its four corners which political advertisements the Appellants are enjoined from "running, distributing and transmitting." The omission of the description of the prohibited political advertisements, under the circumstances, is fatal to ensuring compliance with the order at issue. Thus, as rendered, there is no way to ascertain the proscribed conduct from the order itself.

5

Considering that the Appellants are currently running various political advertisements as well as the lack of specificity of the order in describing the advertisements the Appellants are enjoined from "running, distributing, or transmitting," we find the instant order fails to comply with La. Code Civ. Proc. art. 3605. Therefore, we reverse the November 13, 2019 order and remand this matter to the district court to reissue a proper order. The reissuance of said order would then cure the issue raised in the Appellants second assignment of error, that the district court failed to identify which advertisement(s) violated La. Rev. Stat. 18:1463.

Finding the district court's error to be dipositive of the instant appeal, we pretermit discussion of the remaining assignments of error.

**DECREE**

For the foregoing reasons, the November 13, 2019 judgment granting a temporary restraining order in favor of Linda Kocher, is reversed and this matter is remanded to the district court for further proceedings consistent with this opinion.

**REVERSED AND
REMANDED**