459 So.2d 614 (1984)
Donna and David PROTTI, as Administrators of the Estate of Their Minor Child, Kelly Michele Protti
v.
Dr. Hyman TOLMAS, and St. Paul Fire and Marine Insurance Company and Carolyn Leaumont.
No. 84-CA-70.
Court of Appeal of Louisiana, Fifth Circuit.
November 13, 1984.
*615 Allan Berger and Warren A. Forstall, Jr., New Orleans, for Donna and David Protti, plaintiffs-appellants.
H. Martin Hunley, Jr., Lemle, Kelleher, Kohlmeyer, Hunley, Moss & Frilot, New Orleans, for Dr. Hyman Tolmas, St. Paul Fire & Marine Insurance Company and Carolyn Leaumont.
Before BOUTALL, CURRAULT and GAUDIN, JJ.
BOUTALL, Judge.
Plaintiffs, Donna and David Protti, appeal the dismissal of their negligence action. We find no error and accordingly affirm.
The Prottis brought this action against a registered nurse, Carolyn Leaumont, on behalf of their child Kelly to recover damages for injuries sustained by Kelly, alleging Nurse Leaumont's negligent administration of injection of Terramycin. Also sued were Dr. Hyman Tolmas as the employer of Nurse Leaumont, and both defendants' insurer, St. Paul Fire and Marine Insurance Company. Judgment was rendered denying plaintiffs' claim and dismissing their action. This appeal followed.
In April of 1980, Kelly Protti was being treated by her pediatrician, Dr. Tolmas, for pneumonia. As treatment for this condition, Dr. Tolmas had ordered a series of almost daily injections of Terramycin. Kelly was nearly two years old at the time. The fifth injection is the one at issue; it was given on April 30, 1980 by Nurse Leaumont. Kelly returned for a checkup with Dr. Tolmas 2 days later, at which time Dr. Tolmas found the pneumonia cured. Approximately one month later, on May 26, 1980, Dr. Tolmas diagnosed Kelly as having a left drop foot. Subsequently Kelly was referred to an orthopedist, who recommended a foot brace for the child. Kelly wore the brace for about three months until full recovery.
On appeal, appellants contend the trial judge abused his discretion by disregarding certain favorable expert testimony. Appellants presented a considerable amount of expert testimony at trial, as did the appellees. However, the entirety of the testimony came down to one issue: whether Nurse Leaumont negligently administered the injection, either by giving it in the wrong place or at the wrong angle. The trial judge's finding on this point is a factual one, one we cannot disturb absent manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
At trial, Nurse Leaumont testified she gave the injection in the upper outer quadrant of the left buttock, perpendicular to the flesh, at a 90 degree angle. The experts' testimony, as well as that of Dr. Tolmas and Nurse Leaumont, established that the accepted standard in the medical community for administering such a shot is to give it in the upper outer quadrant of the buttock at a 90 degree angle to the flesh to avoid damage to the sciatic nerve. Although there is much testimony to the contrary, it was Nurse Leaumont's testimony that the trial judge believed and accepted, as his reasons for judgment clearly reflect:
"In order for plaintiffs to recover, they must prove by the preponderance of the evidence that Nurse Leaumont acted *616 negligently by giving the injection in an improper manner thereby causing the injury which the plaintiff sustained.
"After reviewing the medical testimony and the testimony of Dr. Tolmas and Nurse Leaumont, the court concludes that the injection was given in a proper manner and that Nurse Leaumont was free from any negligence in the administration of the injection."
As the reviewing court, we must give great weight to the factual conclusions of the trial judge. We have reviewed the record before us and, based on this review, cannot say the trial judge was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accordingly the judgment below is affirmed in all respects.
AFFIRMED.