BOUTALL, Judge.
Plaintiffs appeal the dismissal of their wrongful death action. At issue is whether the trial court erred in finding plaintiffs failed to meet their burden of proof. We affirm for the reasons set forth below. The plaintiffs are the widow of the decedent and her five children. Defendants include various employees of Mid-West Machinery Movers, Inc. (Mid-West) and the Coca Cola Bottling Company (Coca Cola). Liberty Mutual Insurance Company intervened seeking reimbursement for sums it paid out in compensation benefits on behalf of decedent. General Accident Fire and Life Assurance Company (General Acci *564 dent), a defendant, issued the insurance policy covering Coca Cola.
This suit arises out of a one vehicle accident which occurred when an eighteen wheeler owned by Coca Cola and driven by the decedent, an employee of Mid-West, went over the edge of an overpass near Mobile, Alabama. Following trial, the court rendered judgment in favor of defendants, finding that plaintiffs’ evidence was insufficient to establish causation or negligence on the part of any of the defendants. The plaintiffs and intervenor appeal. General Accident also appeals the dismissal of its exception of no right of action, which was filed after trial but before judgment and then relodged in this court. In view of the disposition of this appeal, we need not pass on General Accident’s exception.
At trial, plaintiff sought to prove the accident was caused by the improper loading of the truck by one or more of the defendants and that the load shifted while the decedent was driving, causing the fatal accident. Defendants alleged the load was properly secured and it was the decedent’s excessive speed which caused the accident.
The trial judge noted in his reasons for judgment that the entire testimony presented at trial was conflicting, and explained his holding as follows:
... After hearing the entire case and reviewing the testimony of each witness the Court finds itself in no better position to determine how this accident occurred, much less who could, under the facts, be held liable, than before the presentation of the case. The testimony is too insufficient and inaccurate to establish that it is more likely than not that a load shift caused the fatal accident, or that, in fact, there was a load shift or even that the truck was improperly loaded. Accordingly, on the basis of all the evidence in the record, the court finds the plaintiff has failed to meet the requisite burden of proof.
As the reviewing court, we must give great weight to the factual conclusions of the trial judge. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The same principle applies to the trial judge’s resolution of conflicting testimony. We find there is ample support in the record for the trial judge’s findings, and we adopt them as our own.
Basically, the testimony at trial can be broken down into three areas: 1) the evidence concerning whether the load was properly secured, 2) the factual testimony of the witnesses on the scene and the physical evidence gathered, 3) the testimony of the experts regarding reconstruction of the accident. We will examine each one separately.
The eighteen wheeler decedent was driving when the accident occurred was loaded with a forklift and several drums of Coca Cola syrup. Plaintiffs sought to establish through the testimony of various employees of Coca Cola and Mid-West that the load was not properly secured and had not been secured despite orders to do so, before decedent started out on his run.
Towards this end, plaintiffs introduced the testimony of Nolan Sharpe, an employee of Coca Cola, who testified when the truck arrived at the terminal where he worked, the forklift was not secured and his supervisor instructed him to secure it. Sharpe admitted he did not secure the forklift since his shift ended before he had a chance to do so. Sharpe’s testimony was directly contradicted by his supervisor, who denied giving the instruction. John Pickett, an employee of Coca Cola, testified he secured a forklift but could not remember the exact date on which he did so. He also stated that in order to secure such a forklift he had to cut two by four braces and that he remembered doing this because he rarely had to secure a load in this manner. The trial judge found the above testimony conflicting and therefore inconclusive.
William Sparacello, an employee of Mid-West, and the decedent’s driving partner the night of the accident, was the only eye witness to the accident. He testified it was customary for one of the men to drive while the other slept, and on this particular *565 night, he had gone to sleep while the decedent drove, and was awakened by a loud crashing noise inside the van. He stated it sounded like the cargo had shifted and slammed down into the front of the trailer. The trial judge, in his reasons for judgment, appeared to discount this testimony since Sparacello admitted that he was asleep immediately prior to the accident.
Sparacello’s testimony was preceded by that of Sergeant Beadnell of the Mobile Police Department, who photographed the scene of the accident. His testimony was introduced via his deposition, and plaintiffs argued his opinion as to the cause of the accident was a load shift. But this is not completely accurate, as these excerpts from his deposition show:
[[Image here]]
Q. And, that, once again, indicates to you that the immediate precipitating cause of the truck flying off this ramp was either top heaviness or a load shift?
A. It was due to weight, not speed.
Q. That’s correct. It was a load shift or top heaviness?
A. That’s what my opinion was, yes, sir. I don’t even know what it was loaded with.
P-6, Beadnell’s deposition at 31-32.
Beadnell went on to testify:
Q. I believe you expressed an opinion as to the tractor-trailer unit when it struck the railing; right?
A. Yes, sir.
Q. What is the basis for that estimation?
A. I based it on the upgrade, the size of the vehicle and the amount of rubber that he left behind him. He was not far off of, I would say, at the most, 30 or 35 miles an hour, 40 at the outside. I mean, thats really speeding to make that curve, even in a car. It’s too tight for that truck to enter in that fast. He would have had trouble further back. We’ve had accidents there before.
Id. at page 40 (emphasis added.)
We fail to see how the above testimony establishes causation. If anything, it is ambiguous and this, along with the fact Beadnell was not the investigating officer but only the photographer, leads us to the conclusion his testimony contributes little to the resolution of this matter. That leaves us with only the testimony of the two expert witnesses, each of whom tried to reconstruct the accident. Plaintiffs’ expert concluded the accident was caused by a load shift; defendants’ expert concluded the cause was excessive speed, especially given the weather conditions (foggy and wet). The court found the conclusions of the defendants’ expert more reliable than plaintiffs’ but still inconclusive on the issue of causation. We find no error in this determination.
Our review of the record reveals the testimony is indeed conflicting. The trial judge weighed the evidence and the credibility of the respective witnesses and concluded the evidence was insufficient to'establish causation. His findings and conclusions are not manifestly erroneous nor clearly wrong. Therefore, we affirm.
AFFIRMED.