REDMANN, Chief .Judge.
' Defendant appeals from a judgment against it for $4,000 general and $1,000 special damages for greenstick or torus fractures of a three-month-old child’s leg. Plaintiff answers, seeking an increase. We affirm.
Defendant’s expert expressed the opinion that the fractures could have occurred before the child was admitted to the hospital (based on his view that the x-rays on admission showed “something,” though not clear fractures as shown in later x-rays, and that the healing state of the fractures in a third set of x-rays 25 days after hospital admission suggested healing had been going on for at least three weeks and possibly longer). But plaintiff’s expert was of the view that whatever the admission x-rays show, it was not the fractures clearly shown in the later x-rays. We cannot say that the trial judge was “clearly wrong,” Arceneaux v. Domingue, 365
So.2d 1330 (La.1978), in concluding that the fractures occurred while the infant was a patient in defendant’s hospital.
Nor can we agree with defendant’s argument that negligence on the hospital’s part was not inferrable from the circumstances.
Defendant argues that the parents were at the hospital (according to their testimony) every day, night and day, and therefore the hospital did not have exclusive control of the infant. Yet the hospital did have exclusive care of the infant at the time of surgery for the septic knee that brought him to the hospital and intensive care thereafter. That was the period at which defendant’s expert indicates the fracture occurred (rather than towards the end of that hospitalization). We cannot say that the trial judge was “clearly wrong” in inferring the hospital’s causative negligence from the circumstances by res ipsa loqui-tur, Trichel v. Caire, 427 So.2d 1227 (La. App. 2 Cir.1983): the injury occurred while the hospital had exclusive control, and the injury was of a kind that does not ordinarily occur in the absence of negligence.
As to quantum, both plaintiff and defense experts testified they found no residual injury whatsoever from the fractures. Nor can pain have been intense, for the nurses’ notes often describe the child as smiling and happy. $4,000 is within the trier of fact’s “much discretion,” C.C. 1934(3), neither excessive nor inadequate for this injury in a three-month-old infant. Similarly, $1,000 for special damages is not clearly wrong. Although the evidence plainly shows that no extended hospitalization was required for the fractures (it was required for the septic knee), the evidence is that some costs were attributable to the fractures. We deem $1,000 a reasonable estimate.
Affirmed.