REDMANN, Chief Judge.
Plaintiff employment agency appeals from the dismissal on thé merits of its claim for a fee from defendant employer arising out of defendant’s employment as a pipeline construction engineer of Johnny Schnabel, a client of plaintiff. The record supports the trial judge’s evident factual conclusion that, unfortunately, plaintiff's employee did not communicate to defendant employer that the request for an employment interview came from an employment agency, much less one to whom defendant, rather than the employee-client, would owe a fee of 26% of a year’s salary if defendant did employ the engineer it agreed to interview.
Plaintiff’s employee testified: “Q. [A]t no time before the employment did you discuss the [fee] arrangement with [defendant’s president] Mr. Lyle Stockstill? A. Correct.” Plaintiff had never before had any dealings with defendant, and defendant had never dealt with any employment agency on the hiring of an engineer. De *1169 fendant’s president testifies that his impression from the telephone call from plaintiffs employee was that the calmer was merely a friend of the engineer. “I get calls from people that don’t know me who are trying to get jobs for friends. But if they would have told me they were a job service I would have said, ‘you know what you can do with your job service?’ ” Moreover, when plaintiff’s employees did notify defendant, after the hiring, that plaintiff was claiming a fee of $7,452, defendant not only denied any agreement to pay any fee but further announced that he would fire plaintiff’s engineer rather than pay an employment fee:
“[A]fter I told them they could have Johnny back, that I wasn’t paying that kind of fee, they said they didn’t want to deprive him of a job.... [H]e was not going to work for me if I had to pay any money to [plaintiff]. I was not going to pay any fee, there are too many engineers out there. We are in a depressed oil market and there are too many engineers available.”
Notwithstanding plaintiff's employee’s testimony that he told Shane Stockstill, Lyle’s deceased brother, that he represented an employment agency, we cannot say that the trial judge was “clearly wrong,” Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), in concluding that defendant did not contract to pay a fee to plaintiff for finding an engineer. And our employer is unlike the employer in Commercial Emp. v. Morphy, Makofsky and Masson, Inc., 436 So.2d 719 (La.App. 4 Cir.1983), who knew that the prospective employee was a client of an employment agency yet not himself liable to pay the agency, in which circumstances we found that the employer impliedly agreed to pay a reasonable fee. Our defendant was not unjustly enriched by being able to hire an engineer without paying an employment agency when, during the depressed oil market, “too many engineers [were] available.”
Affirmed.