489 So.2d 452 (1986)
Larry BARNETT
v.
NEW ORLEANS PUBLIC SERVICE INC.
No. CA-4266.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1986.
*454 Lolis Edward Elie and Eugene B. Kidd, New Orleans, for plaintiff-appellee Larry Barnett.
Ogden, Ogden & McCune, Charlton B. Ogden, III, New Orleans, for defendant-appellant New Orleans Public Service Inc.
Before KLEES and LOBRANO, JJ., and HUFFT, J. Pro Tem.
KLEES, Judge.
This appeal arises from litigation concerning a vehicular collision. Plaintiff, Larry Barnett, filed suit against George White and New Orleans Public Service Inc., White's employer, for injuries allegedly sustained in the accident. The trial court granted judgment in the amount of $70,500.00, finding plaintiff 43% at fault and defendant 57% at fault. Plaintiff was awarded a sum of $40,185.00 for his damages.
Defendant, New Orleans Public Service Inc. (NOPSI), argues on appeal that the trial court erred in finding defendant 57% negligent, and in granting an excessive award of $70,500.00. NOPSI also argues that the trial judge abused his discretion in denying its nine special charges.
On March 19, 1982, George White, a NOPSI employee, was operating a bus on Thayer Street. At the intersection of Thayer and Semmes St., the bus pulled over on to the right hand shoulder of Thayer Street to allow passengers to exit. During the time the passengers were discharging, White testified that he heard a noise, which sounded like a motorcycle, but was unable to actually see the vehicle. After the passengers had exited the bus, White proceeded to make a left hand turn on to Semmes Street. White further testified that he went into a "rolling stop" to observe any oncoming traffic before making the left turn, in which he was still able to hear, but unable to see the approaching motorcycle. As defendant began to make the turn, plaintiff's motorcycle collided with the left front of the bus, and plaintiff was thrown into a vacant lot at Thayer and Semmes Streets.
Plaintiff was found unconscious and taken to Charity Hospital, where it was determined that he sustained injuries to the head, neck, ribs, and shoulder. Plaintiff incurred a third degree separation of the acrimioclavicular joint in his right shoulder and three torn ligaments, which secure the clavicle to the shoulder blade. As a result of these injuries, plaintiff underwent an open reduction and fixation. Plaintiff was diagnosed as having traumatic arthritis. It was estimated that he had a 5% permanent functional impairment.
On appeal defendant contends that it was manifest error for the jury to find NOPSI 57% negligent in causing the accident. We cannot say that the jury's finding is clearly wrong or manifestly erroneous.
An appellate court should not disturb a finding of fact unless the record as a whole established that the finding was manifestly erroneous or clearly wrong. Arceneuax v. Domingue, 365 So.2d 1330, 1333 (La.1978). In making the left turn, White had a duty to maintain a proper lookout for any vehicles approaching from the same direction. Further, as he had pulled out of the traffic to discharge the passengers, it was incumbent upon White to make sure there were no approaching vehicles prior to reentering the lane of traffic. White's failure to maintain a proper lookout is clearly established by the record. White, himself, testified that although he heard the motorcycle, he did not see the vehicle until the collision. He further testified that he might have been able to see plaintiff if the bus had a back window. Such testimony is sufficient to support the jury's finding of 57% negligence on defendant's part. Defendant had a greater duty than plaintiff, and the breach of this duty was clearly a cause of the accident.
Defendant also argues that the trial judge erred in denying NOPSI's special jury charges. In a jury trial, the judge *455 is not required to give the precise instructions submitted by either party but must give instructions which properly reflect the law applicable in light of the facts of the particular case. Arnouville v. Joiner Enterprises, Inc., 423 So.2d 1246 (La.App. 5th Cir.1982); Beck v. Lovell, 361 So.2d 245 (La.App. 1st Cir.1978), writ denied, 362 So.2d 802 (La.1978). The trial judge has a duty to charge the jury as to the applicable law and a correlative right to require that the jury consider only the correct law. Bourgeois v. Bill Watson's Investments, Inc., 458 So.2d 167 (La.App. 5th Cir.1984); Arnouville, supra.
Seven of the nine jury charges requested by defendant dealt with the duties imposed upon drivers attempting passing maneuvers at an intersection. These charges were properly excluded as the principles of law expounded in the jury charges are not applicable to the case at bar. In this case, the plaintiff was not attempting a passing maneuver, but rather was operating his vehicle in his lane of traffic as defendant proceeded from the curb into a left turn at the intersection.
Defendant's jury instruction number three dealt with the general duty of a driver to act reasonably and prudently. A similar charge was included by the trial judge in his general charge. It is not error for a trial judge to refuse to give a requested special charge where such charge is included in his general charge. Bourgeois, supra; Haynes v. Baton Rouge General Hospital, 298 So.2d 149 (La.App. 1st Cir. 1974); Morales v. Toye Brothers Yellow Cab Company, 246 So.2d 52 (La.App. 4th Cir.1971). The trial judge did not commit error in refusing to use defendant's special jury charge.
Defendant's jury instruction number four, dealing with a speeding motorist, was also excluded by the trial judge. Such a jury instruction was improperly excluded as defendant produced testimony that the plaintiff may have been speeding. Nevertheless, the mere discovery of an error in the trial judge's instructions does not, of itself, justify an appellate court conducting the equivalent of a trial de novo, without first measuring the gravity or degree of the error, and considering the instructions as a whole and the circumstances of the case. Brown v. White, 405 So.2d 555 (La.App. 4th Cir.1981). In the case at bar, even though the instruction was excluded, it is evident that the jury did consider the fact that plaintiff may have been speeding in determining that plaintiff was 43% at fault. In reviewing the record, the manifest error standard for appellate review may not be ignored unless the jury charges were so incorrect or inadequate as to preclude the jury from reaching a verdict based on the law and facts. Brown v. White, supra. Having been given the instruction on a reasonable and prudent driver, the jury apparently recognized that a reasonable and prudent driver would not drive over the speed limit. Therefore, the jury charges by the trial judge were adequate and sufficient despite the failure to instruct on the negligence of a speeding motorist.
NOPSI also contends that the award of $70,500.00 for general damages is excessive. A review of the judgment and the jury interrogatories reflect that the award was not one for general damages, but rather, was an in globo award; it included general and special damages. The initial inquiry in determining whether an award of damages is inadequate or excessive must always be directed to whether the trial court's award for particular injuries and their effects upon the injured person was a clear abuse of the trier of fact's "much discretion" Reck v. Stevens, 373 So.2d 498 (La.1979).
At the time of the accident, plaintiff was employed by Louisiana Coca Cola Bottling Company as a truck driver-route man. In this position, plaintiff handled hundreds of cases of soft drinks all day, sliding them in and out of racks, many of which are overhead. Immediately, after the accident, the plaintiff missed approximately two months of work, and lost approximately $3300 in wages. Since the *456 plaintiff has returned to work, he still misses two days of work per month because of shoulder pain. Two days of missed work per month, using plaintiff's average daily wage of $65.00, would amount to $130.00 per month or $1570 per year in lost wages. Using the assumption that Barnett would work until age 65, he has approximately 36 years of work life left. Using the figure of $1570.00 per year and multiplying it by 36 years of work life, one gets a figure of $56,520.00 for loss of future earning capacity.
After the accident, the plaintiff was treated for injuries at Charity Hospital. In addition to treatment for injuries to his head and neck, plaintiff underwent surgery, known as an open reduction and fixation, to repair the dislocated shoulder and torn ligaments. The medical bills from Charity Hospital and Dr. Nutik were in the amount of $1645.20. Dr. Phillips diagnosed plaintiff as having traumatic arithritis, and estimated that plaintiff had a 5% permanent disability.
Plaintiff testified that he still suffers with shoulder pain. However, he stated that when he has such pain, he usually takes a non-prescriptive pain killer. Dr. Phillips testified that the traumatic arithritis will probably get worse over time, and thus, plaintiff will continue to suffer with pain and his disability will increase.
Under these facts, the trial court did not abuse its "much discretion" in awarding $70,500.00 for plaintiff's injuries.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.