WATKINS, Judge.
This action was brought by Jerry Devillier and his wife against Jack McCarty, Louisiana AFL-CIO, McCarty’s employer, and Aetna Casualty and Surety Company, automobile liability insurer of McCarty and Louisiana AFL-CIO. Basically, Devillier *849 alleges he sustained personal injuries when his car, a 1970 Chrysler, was struck from the rear by a 1970 Buick driven by McCarty. Also originally named as co-defendants were Michael J. St. Romain, driver of the car in front of the Devillier car, the State of Louisiana, and Travelers Insurance Company, the State’s insurer. The State of Louisiana, Travelers, and St. Romain were dismissed with prejudice by final judgment of the trial court. The trial court by separate judgment further rendered judgment in favor of Devillier and his wife and against Aetna and Louisiana AFL-CIO in the sum of $8,590.00. Devillier and his wife appeal the award in his favor and against Aetna and Louisiana AFL-CIO, seeking an increase in quantum. Aetna and Louisiana AFL-CIO neither appealed nor answered the appeal. We affirm.
Basic to an understanding of the case is the fact that Devillier had two car accidents within a short time, one in Baton Rouge (the basis of the present action) on August 20, 1975, and one in Lafayette, Louisiana, sixteen days later, in the latter of which his car was also struck from the rear. In both accidents, he alleged he sustained spinal injuries. He has settled a suit arising from the Lafayette accident, and now seeks recovery for injuries allegedly arising from the Baton Rouge accident.
The trial court in the Baton Rouge case in oral reasons for judgment noted it took almost ten years to bring the case to trial (trial took place on April 30, 1985), and found that by far the more severe injuries resulted from the Lafayette accident, the suit arising from which, as we have stated, has been settled.
Devillier returned to work the next day after the Baton Rouge accident, which took place first, and worked intermittently until the Lafayette accident occurred, when he virtually ceased to work. We further note that Devillier is inconsistent in his complaints of pain arising from the Baton Rouge accident, as he at one time complained of pain in the neck and at another time of pain in the lower back and neck. Devillier underwent six surgical procedures, which were performed by Dr. Salvatore LaRocca of New Orleans, but all the operations were performed after the second accident. We note that the Lafayette accident occurred when Devillier admits that he was on the way from Eunice to New Iberia to photograph a wedding, a trip which refutes the claim of severe disability arising from the Baton Rouge accident. Furthermore, Devillier had had still a third accident in the 1950’s and had been under the constant care of a chiropractor, A.B. Lejeune, before the Baton Rouge accident occurred. He had had psychiatric difficulties, and the facts suggest a large part of his pain from the Baton Rouge and Lafayette accidents was without objective basis.
We cannot say that the trial court was clearly wrong, given these facts, in its conclusion that most of Devillier’s complaints arise from the Lafayette accident, not the Baton Rouge accident. In that conclusion, we find no manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1978).
Counsel for Devillier cites us to a Louisiana Fifth Circuit case, Probst v. Wroten, 433 So.2d 734 (La.App. 5th Cir.1982), for the proposition that when two separate accidents concur to produce injuries which cannot be separated, the burden is on defendant to prove his own innocence of or his own limited liability for the accident sued upon. However, in the present case, in oral reasons free from manifest error, the trial court found by far the more severe injuries resulted from the second accident. It should be noted that Bergeron v. Thomas, 314 So.2d 418 (La.App. 1st Cir. 1975), writ refused, 318 So.2d 54 (1975), which Probst cites as authority, holds that if the above discussed principle applies in Louisiana it was without application to the facts in Bergeron. Similarly, the trial court was without manifest error in finding that the facts in the present case demonstrated that the more severe of Devillier’s injuries stem from the Lafayette accident. The principle alluded to in Bergeron and *850 amplified in Probst does not apply to the present facts.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.