11WALTZER, Judge.
Professional Concrete Services and its surety, Star Insurance company, appeal a judgment awarding Professional’s subcontractor, Hydro-Air, amounts due under a contract.
FACTS AND HISTORY OF THE CASE
Professional contracted to reconstruct a parking lot with the Jefferson Parish government. It then subcontracted with Hydro for excavation and removal of concrete and asphalt in connection with that job on 31 August 1995. This contract required *833 Hydro to “Break out and haul off asphalt and concrete paving @ $7.75 sq. yard [and] Excavate approximately S40 cubic yards - Haul off by others @ $1,700.00.” Additionally, the contract stated, “$1,500.00 Mobilization costs payable fifteen (15) days after mobilization included in above prices.” Furthermore, the contract provided, “Monthly payments due 30 days after invoice date, subject to Vk% interest per month. Any attorney and/or collection fees to be borne by PCS.” On 1 September 1995, Hydro began work on the job. Hydro worked on the job and submitted numerous invoices for work completed. Unfortunately, Hydro uncovered a brick footing during its excavation of the site. Neither Hydro nor Professional was aware of this brick footing at the time of the |2contract between Hydro and Professional. This discovery complicated the job. Andrew Cure, President of Hydro, approached Professional’s job superintendent, Ronnie Natal Jr. Cure testified that Natal assented to Cure’s price of $22 per cubic yard to dismantle and remove the brick footing.
After completing the demolition and the excavation under the terms of the written contract and removing 179.3 cubic yards of the brick footing, Hydro ceased working on the job, since Professional refused to agree in wilting to the price of $22 for the additional work. Under the terms of the written contract, Professional owed Hydro $7,625.63 ($7.55 for 1,010.02 square yards) and $1,500.00 (mobilization costs) and $1,700.00 (flat fee for excavation). The amount owed by Professional to Hydro totaled $10,825.23. For the additional work, Hydro demanded $22 per cubic yard, for 179.3 cubic yards, totaling $3,944.60. Professional disputed the amount demanded for the additional excavation, and at trial, disputed that the $1,500 for mobilization constituted an additional element of the contract. At trial, Professional did not contest that the work was completed and that a certain amount was owed to Hydro under the contract. Hydro was paid $7,492.86 in October 1997.
On 28 May 1996, Hydro sued Professional under the contract. Professional answered the suit on 28 April 1997. On 19 January 1999, Professional filed an amending answer, alleging that Hydro had not completed its work under the contract. After trial on 19 January 1999, the court entered judgment for Hydro. The court awarded $13,070.23, with a credit for $7,492.86 (the amount paid by Professional to Hydro on 3 October 1997), plus interest and attorney’s fees under the contract and a penalty of 15% under LSA-R.S. 9:2784.
^Professional appeals the judgment.[1] Appellant argues that the trial court erred in finding that Hydro had substantially performed the work owed under the contract and that Professional owed anything under the contract, that Professional owed $1500 for mobilization, and that Professional owed $22 per cubic yard for the additional work. Professional also argues that the trial court erred by awarding attorney’s fees, pre-judgment interest and a penalty.
ASSIGNMENTS OF ERROR NUMBERS 1, 2 AND 3: Professional argues that the trial court erred by finding that Hydro had completed its work under the contract, that Professional owed $1,500.00 for mobilization under the terms of the contract, and that Professional, through its agent, agreed to pay Hydro $22.00 per cubic yard for the additional work of excavating the brick footing.
Professional argues that the trial court erred in its factual findings, that Hydro had substantially completed its performance under the contract, that Professional agreed to pay $1,500.00 for mobilization, and that Professional’s agent agreed to pay Hydro’s price for the additional work.
*834 In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Professional argues that the trial court erred in awarding Hydro amounts owed under the contract, since Hydro had not “substantially performed.” Rudy Brown Builders, Inc. v. St Bernard Linen Service, Inc., 428 So.2d 534, 535 (La.App. 4 Cir.1983). Assuming Professional properly raised the affirmative defense that Hydro had not “substantially performed,” we are not persuaded that the trial court erred in finding that Hydro had fulfilled its obligations under the | ¿contract. Hydro’s president, Andrew Cure, testified that he knew about the work performed under the contract and he believed Hydro had completed the job for Professional, except two driveways which Professional specifically requested that Hydro not dismantle. Professional offered no evidence that Hydro had failed to perform its duties under the contract. Moreover, its President testified that he had no knowledge of the extent of Hydro’s performance on the job. Natal testified that he knew only that a dispute arose over the price to be paid for the additional work. After reviewing the entire record, we find no reason to reverse the finding of the trial court that Hydro had completed its duties under the contract.
Professional argues that the trial court erred by finding that the parties did not agree on a $1,500 mobilization fee. Appellant argues that the ambiguous contract should be construed against the writer, Hydro. LSA-C.C. art. 2056. The trial court found that the parties had agreed to a $1,500 mobilization fee. The trial court found that the contract provision was not ambiguous and we find no reason to disturb that conclusion.
Professional argues that the trial court erred in finding that the parties had contracted for the additional work. Hydro’s representative testified that he discussed the additional work and the price of $22 per cubic yard with Professional’s job superintendent, Ronnie Natal, Jr., who agreed that Hydro should do the work. Professional introduced no evidence to rebut this testimony. We find nothing in the record to persuade us that the trial court erred in concluding that Professional contracted with Hydro for the additional work through its agent, Ronnie Natal, Jr.
ASSIGNMENT OF ERROR NUMBER 4: Professional argues that the trial court erred by awarding Hydro pre-judgment interest.
|fiThis assignment presumes that this court reversed the finding of the trial court that Hydro had substantially completed its duties under the contract. Because we did not make such a conclusion, we will not consider appellant’s argument. This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER 5: Professional argues that the trial court erred in awarding Hydro attorney’s fees under the contract.
For the reasons discussed in Assignment #4, this assignment has no merit. ASSIGNMENT OF ERROR NUMBER 6: Professional argues that the trial court erred by awarding penalties pursuant to LSA-R.S. 9:2784.
For the reasons discussed in Assignment #4, this assignment has no merit. CONCLUSION
We affirm the findings of the trial court that Hydro had completed its duties under the contract with Professional, that the parties had contracted to pay a $1,500 mobilization fee and that Professional’s agent agreed to pay $22 per cubic yard for the additional work of removing the brick footing. Moreover, we affirm the judgment of the trial court in all other respects, for the above reasons.
AFFIRMED.

. Hydro answered the appeal, arguing that the amount awarded for attorney's fees was insufficient. However, Hydro did not brief this argument, and we decline to consider Hydro’s answer pursuant to Rule 2-12.4 of the Uniform Rules-Courts of Appeal.