926 So.2d 571 (2006)
Nathaniel WILLIAMS
v.
Kevin COOPER and Waste Management of Louisiana, L.L.C.
Aisha Pichon
v.
Kevin Cooper, Waste Management of Louisiana, L.L.C., and Nathaniel Williams.
Nos. 2005-CA-0654, 2005-CA-0655.
Court of Appeal of Louisiana, Fourth Circuit.
January 25, 2006.
*572 Tamara Kluger Jacobson, and Robert G. Harvey, Sr., New Orleans, LA, for Appellant, Nathaniel Williams.
Sherry S. Landry, City Attorney, John M. Holahan, Jr., Assistant City Attorney, Albert A. Thibodeaux, Chief Deputy City Attorney, Heather M. Valliant, Assistant City Attorney, Kimlin Lee, Deputy City Attorney, New Orleans, LA, for Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge DENNIS R. BAGNERIS, SR., and Judge MICHAEL E. KIRBY).
DENNIS R. BAGNERIS, SR., Judge.
This appeal involves the review of a two-vehicle accident allegedly caused by a defect in a traffic light. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On Monday, November 13, 2000, at approximately 9:30 a.m., Nathaniel Williams ("Mr. Williams") was operating his vehicle with his niece Aisha Pichon as his guest passenger when the vehicle they were riding in collided with a garbage truck driven by Kevin Cooper. The collision occurred at the intersection of Carondelet and Jackson Avenue in New Orleans, Louisiana. Mr. Cooper was in the course and scope of his employment with Waste Management at the time of the accident and was driving a garbage truck belonging to his employer. The police report indicates that prior to the collision, Mr. Williams was traveling eastbound on Carondelet while Mr. Cooper was traveling southbound on Jackson Avenue. Both Mr. Williams and Mr. Cooper state in the police report that they had green lights while going through the intersection.
The police officer that investigated the scene of the accident was Regina Barr. In Officer Barr's deposition, she testified that when she arrived at the site, the weather was overcast and the roads were wet, and *573 that in her opinion the weather had some effect on the accident. Officer Barr further testified that while she was parked on Jackson Avenue, she noticed that the signal on Jackson changed from green to red with no yellow, but that everything else appeared to be functioning properly with the traffic signal.
Mr. Williams initially filed suit against Mr. Cooper, Waste Management, and its insurer on June 13, 2001. A suit was later filed by Aisha Pichon against the same parties and consolidated into this matter on January 17, 2001. On January 14, 2002, Mr. Williams filed a first supplemental and amending petition adding the City of New Orleans as a defendant to the suit alleging that it was negligent in failing to properly maintain the light fixture at the Carondelet and Jackson intersection. Thereafter, plaintiff Aisha Pichon also filed a first supplemental and amending petition adding the City of New Orleans as a defendant. The plaintiffs later settled and dismissed their claims against the original defendants, Waste Management and Mr. Cooper. Plaintiff Aisha Pichon also settled her claim with the City of New Orleans prior to trial.
On July 13, 2004, Mr. William allegedly propounded discovery in the form of Request for Admissions to the City of New Orleans via U.S. Mail. The request stated as follows:
REQUEST NO. 1:
Do you admit that the traffic signal at the intersection of Jackson and Carondelet was not properly operating prior to the accident of November 13, 2000.
REQUEST NO. 2:
Do you admit that the City of New Orleans was aware of the malfunctioning traffic signal light prior to the accident of November 13, 2000.
REQUEST NO. 3:
Do you admit that the traffic signal light at the intersection of Jackson and Carondelet Street is under the care, custody and control of the City of New Orleans.
At trial, Mr. Williams, by oral motion, moved to deem his unanswered Requests for Admissions to the City of New Orleans as admitted. The trial court deferred a ruling on the issue of the request for admissions.
After a bench trial, the trial court denied Mr. Williams's claims against the City of New Orleans and dismissed his claims with prejudice. Specifically, in its reasons for judgment, the trial court stated as follows:
Although there is evidence that the traffic signal light was malfunctioning for the Jackson Avenue traffic on November 13.2000, there is no evidence that it caused the accident subject of this litigation.
New Orleans Police Officer Regina Barr indicated in her accident report (Plaintiff's Exhibit A) and testified in her deposition (Plaintiff's Exhibit B) that she observed the traffic light for Carondelet Street [Jackson Avenue] change from green to red with no yellow signal indicator. However, Officer Barr did not determine if the absence of a yellow light caused or contributed to the accident in question.
The plaintiff, Nathaniel Williams, was the only witness who testified live at trial. He stated he did not see the traffic signal light for the Jackson Avenue traffic.
A plaintiff in a personal injury action has the burden of proving by a preponderance of evidence that his injuries were caused by the accident of which he complains. (Citations omitted). The plaintiff failed to satisfy this burden because it is not proven through the evidence presented that it was more *574 probable than not that this accident was caused by failure to maintain the traffic signal light on Jackson Avenue.
Plaintiff now appeals, arguing that the trial court erred when it: (1) failed to deem unanswered requests for admission as admitted; and (2) found that the malfunctioning traffic signal was not a cause in fact of the motor vehicle accident.

STANDARD OF REVIEW
An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). A two tiered test must be applied in order to reverse the findings of the trial court: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court; and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Mart v. Hill, 505 So.2d 1120 (La.1987).
Even where the appellate court believes its inferences are more reasonable than the fact finder's, reasonable determinations and inferences of fact should not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. Housley v. Cerise, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.

DISCUSSION
When the claim against a public entity is based on the condition of property, a plaintiff may proceed under theories of negligence or strict liability. Louisiana Revised Statute 9:2800 governs strict liability claims against a public entity under La. C.C. art. 2317, but limits that liability by requiring proof that the public entity had actual or constructive knowledge of the defect and a reasonable opportunity to remedy the defect, yet failed to do so. Henderson v. Nissan Motor Corp., 2003-606 (La.2/6/04), 869 So.2d 62, 66. The imposition of liability under general negligence principles requires proof that the defendant had actual or constructive knowledge of the risks and failed to take corrective action within a reasonable time. Hardenstein v. Cook Constr., Inc., 96-0829 (La.App. 1 Cir.2/14/97), 691 So.2d 177, 183. Therefore, under either negligence or strict liability, for a plaintiff to succeed in an action against a public entity based on the condition of property for which it allegedly had responsibility, the plaintiff must show that (1) the property causing the damage was in the custody of the public entity; (2) the property was defective due to a condition that created an unreasonable risk of harm; (3) the public entity had actual or constructive knowledge of the risk; and (4) the defect was a cause-in-fact of the plaintiff's injury. Toston v. Pardon, XXXX-XXXX (La.4/23/04), 874 So.2d 791, 798.

I. Unanswered Requests for Admissions
Initially Mr. Williams argues the trial court erred by failing to deem unanswered Requests for Admissions as admitted. We disagree because we find that the record supports the trial court's decision. Assuming arguendo the trial court erred by failing to deem unanswered Requests *575 for Admissions as admitted, we find that error is not so prejudicial that it would have changed the outcome of the trial because the record fails to establish the defect was a cause-in-fact of Mr. Williams's injury, as discussed more thoroughly below. Accordingly, even if error had been committed, we find such error to be merely "harmless error" because Mr. Williams failed to establish the element of causation.

II. Causation
Mr. Williams argues the trial court erred by finding the malfunctioning traffic signal was not a cause-in-fact of the motor vehicle accident. We disagree. Mr. Williams was the only witness who testified at trial. At trial, Mr. Williams testified that following the accident, he was unable to check the traffic signals to see if they were operating correctly. Mr. Williams testified that after the accident, he was removed from the car and was lying on the ground until the ambulance brought him to Charity Hospital.
Although Mr. Williams submitted the deposition testimony of Officer Barr to prove that the traffic light was malfunctioning at the time of the accident, we find that her testimony fails to prove that the yellow light's failure to function caused or contributed to the accident. Specifically, although Officer Barr observed the signal change from green light to a red light as she was sitting in her police car on Jackson Avenue, she never explained whether the cycle that she observed was facing northbound or southbound traffic. Accordingly, we find that her testimony fails to establish whether this malfunctioning faced either driver. Further, Officer Barr testified that she did not notice whether the signal on the Carondelet Street side was functioning properly. For these reasons, we agree with the trial court that Mr. Williams failed to meet his burden of proving that the traffic light caused his accident with Mr. Cooper.
Accordingly, the judgment of the trial court, which dismissed Mr. Williams's suit against The City of New Orleans with prejudice, is hereby affirmed.
AFFIRMED.
MURRAY, J., concurs with reasons.
MURRAY, J., concurring.
Although I agree with the result the majority reaches, I write separately to address two issues.
First, contrary to the majority's suggestion, the trial court never ruled on whether the Request for admissions should be admitted. I would find the Request for Admissions should have been admitted. Nonetheless, I agree that the fact they were not admitted is harmless error as the trial court failed to find a casual connection between the malfunctioning light and the accident.
Second, a significant fact the majority does not mention regarding the causation issue is that there was no evidence presented that the defendant saw the traffic signal. Given the lack of any evidence establishing the defendant saw the light, the fact the light malfunctioning could not have contributed to the accident.
For these reasons, I respectfully concur.