SAUNDERS, Judge,
dissents and assigns written reasons.
|TI disagree with the majority opinion that the WCJ was manifestly erroneous in finding that Morse carried his burden to prove that an accident happened at work on or about November 22, 2008. The majority opinion cites Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La. 1992) for the following well-known premise: “[a] worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident.” Following this citation, the majority opinion states, “[i]f the employee’s testimony contains inconsistencies and discrepancies, then the injured employee’s testimony alone will not be enough to prove his injury occurred on the job” and cites Harris v. General Motors, 577 So.2d 1160 (La.App. 2 Cir.l991)(emphasis added). Given the ultimate result in Bruno, I do not agree with the citation to Harris as an explanation of how our supreme court intended for the Bruno framework to be applied.
In Bruno, much like the case before us, the court at the trial level found that the claimant carried her burden to prove that a work related accident transpired, and this court will reverse that finding. I would note that the claimant in Bruno (1) | gdid not provide a. history of the accident to the treating physician; (2) did not immediately notify her employer of the accident; (3) did not immediately file an accident report; and (4) has a history of injury to the same area of where she claimed she was injured in the work accident.
Regardless of all these “discrepancies,” our supreme court reversed this court’s opinion and found that the trial court was not manifestly erroneous in giving credence to the claimant’s testimony. Thus, the majority opinion’s citation to Harris that if there are inconsistencies and discrepancies, then the employee’s testimony “will not” be enough to carry his or her burden of proof is not dictated by the result reached by our supreme court in Bruno.
In the case before us, Morse consistently reported a history of a work related accident to his treating physician, notified his employer of the accident, and filed an incident report detailing the accident as soon as practical. Moreover, Morse’s daughter, Angela McNeil, confirmed that he informed her of his fall at work.
The majority opinion focuses on a single medical record where a history given by Morse to the Emergency Room staff was that the accident occurred at home. Additionally, the majority opinion points out that Morse iterated he only told his fiancée of the work related accident, but his daughter, rather than his fiancée, testified that he told her about the work accident. The WCJ was aware of these inconsistencies cited by the majority opinion and chose to reconcile Morse’s testimony.
*1191 To me, Morse’s inconsistencies and discrepancies are far less damning that those of the claimant in Bruno. The medical records, sans the single ER record, and the testimony of Morse’s daughter corroborate Morse’s testimony and support a finding that an accident and injury occurred at work. Given our supreme court’s directive and the manifest error standard of review, I do not feel that this decision |3was in error. I feel these two items are not enough to find that the WCJ was manifestly erroneous in giving credence to Morse’s testimony. I do feel that these two items could provide a basis for the WCJ to disregard Morse’s testimony. However, in my view, the WCJ was faced with “two permissible views of the evidence” and its “choice between them cannot be manifestly erroneous or clearly wrong.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990) (citing Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983) and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978)). Accordingly, I dissent.